J-S55013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY LEE JAMES COUSER, | |
| Appellant | No. 2626 EDA 2013 |

Appeal from the Judgment of Sentence July 29, 2013
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000106-2013

BEFORE:  BOWES, SHOGAN, and OTT, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 12, 2014**

Gregory Lee James Couser appeals from the July 29, 2013 judgment of sentence of an aggregate term of two and one-half to six years imprisonment imposed after a jury convicted him of fleeing or attempting to elude police and accidents involving damage to an attended vehicle or property.  For the reasons set forth below, we affirm.

Around 7:00 p.m. on December 5, 2012, Trooper Timothy Cutshaw of the Pennsylvania State Police, Bethlehem Barracks, was traveling south on Airport Road in Allentown, Pennsylvania, when he observed a dark gray Volkswagen Jetta traveling southbound in reverse in the northbound lanes. N.T., 7/3/13, at 22-23.  Despite the windows on the Jetta being tinted, Trooper Cutshaw identified the driver to be a black male wearing a gray sweatshirt.  *Id*. at 25.  Trooper Cutshaw then activated his overhead lights

and siren on his marked patrol cruiser to initiate a traffic stop. *Id*. at 23. The driver of the Jetta increased his speed in response and subsequently ran a red light at the intersection of Airport Road and Race Street. *Id*. at 25. The Jetta then made a U-turn around a concrete median and proceeded southbound on Airport Road at a high rate of speed while weaving in and out of traffic without using appropriate signals. *Id*.

Trooper Cutshaw observed the Jetta run through four additional red lights before making a left-hand turn into the parking lot of BJ's Wholesale Club and then a right turn into the parking lot of a Waffle House. *Id*. at 26. In an attempt to re-enter Airport Road, the Jetta struck another vehicle that was occupied by two people. *Id*. at 27, 95. Trooper Cutshaw discontinued his pursuit to tend to these occupants, but issued a regional message to "be on the lookout" for a dark gray Volkswagen Jetta. *Id*.

At approximately 10:00 p.m., the Pennsylvania State Police were notified by the Allentown Police Department that they had located the Jetta. *Id*. at 34. Trooper Cutshaw and other troopers responded to the location. *Id*. Trooper Cutshaw positively identified the vehicle before he and Trooper Salvatore Alaimo took the three male occupants, one of whom was Appellant, out of the car and into custody. *Id*. at 37-38. Trooper Alaimo then performed a search of Appellant incident to his arrest. *Id*. at 45, 130. The keys to the Jetta were found in his pocket. *Id*. at 130-31.

On July 3, 2013, a jury convicted Appellant of fleeing or attempting to elude police and accidents involving damage to an attended vehicle or property. *Id*. at 204. On July 29, 2013, the trial court sentenced Appellant to an aggregate term of two and one-half to six years imprisonment. This timely appeal followed the denial of Appellant's post sentence motion challenging, *inter alia*, the weight of the evidence and the discretionary aspects of his sentence.

Appellant presents the following issues for our review:

A. Whether the trial court erred when it permitted the Commonwealth to present testimony regarding the defendant's outstanding warrants and loss of driving privileges as evidence of admissible bad acts of the defendant?

B. Whether or not the evidence as presented was sufficient as a matter of law to support the conviction for fleeing and eluding the police when the evidence that the defendant was the operator of the fleeing vehicle was questionable and uncertain?

C. Was the verdict against the weight of all the evidence in regards to the proof of whether or not the defendant was the operator of the fleeing vehicle?

D. Whether the sentences as imposed were manifestly excessive as they were beyond the aggravated range of the defendant's applicable sentencing guidelines and were not justified by the overall history and circumstances in the defendant's life?

Appellant's brief at 8-9.

As a successful sufficiency claim would entitle Appellant to discharge, we first address Appellant's contention that the evidence presented by the Commonwealth was insufficient to sustain his conviction of fleeing or

attempting to elude police. Appellant's brief at 11. The standard of review for these claims is as follows:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by a fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Muniz*, 5 A.3d 345, 348 (Pa.Super. 2010) (citations omitted) (quoting *Commonwealth v. Hennigan*, 753 A.2d 245, 253 (Pa.Super. 2000)).

Appellant was convicted of fleeing or attempting to elude police, 75 Pa.C.S. § 3733, which provides in pertinent part:

> **(a) Offense defined.**—Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop, commits an offense as graded in subsection (a.2).
>
> . . . .
>
> **(a.2) Grading.**—

(2) An offense under subsection (a) constitutes a felony of the third degree if the driver while fleeing or attempting to elude a police officer does any of the following:

(i) commits a violation of section 3802 (relating to driving under influence of alcohol or controlled substance);

(ii) crosses a State line; or

(iii) endangers a law enforcement officer or member of the general public due to the driver engaging in a high-speed chase.

Appellant argues that the Commonwealth did not prove that he was the driver of the vehicle. According to Appellant, the evidence presented by the Commonwealth established only that the driver was a black male who was wearing a gray sweatshirt.

The elements required to prove this offense are as follows: 1) the driver, in an attempt to elude police; 2) failed to bring his vehicle to a stop when; 3) signaled by police to stop the vehicle while; 4) endangering law enforcement and members of the general public. Instantly, the evidence presented by the Commonwealth established all of the elements of the crime. Trooper Cutshaw identified Appellant as the person operating the vehicle. N.T., 7/3/13, at 25. Likewise, his testimony established that Appellant failed to stop when he knew that police were signaling him to pull over. *Id*. His testimony also established that the pursuit involved Appellant driving erratically at high rates of speed, driving through red lights and putting law enforcement and at least one member of the general public in

danger. ***Id***. at 25-27, 95. Moreover, Trooper Alaimo testified that, upon Appellant's apprehension, identification, and arrest, the keys to the vehicle were discovered in Appellant's pocket. ***Id***. at 37-38, 45, 130-31.

Further, Appellant's acquaintance, Melissa Romeo, testified that Appellant had asked her to bring a tow dolly to take the Jetta to Mount Pocono. ***Id***. at 105, 108. She also testified that she observed Appellant driving the Jetta on multiple occasions and could not recall ever seeing anyone else driving it. ***Id***. at 115, 118. Thus, the certified record sustains Appellant's conviction of fleeing and eluding a police officer pursuant to § 3733(a).

Next, we address Appellant's contention that it was improper for the trial court to permit evidence of an outstanding arrest warrant in New Jersey and his suspended driver's license. Specifically, Appellant contends that neither of the two facts was a necessary element of the criminal charges, but the facts were rather damaging pieces of evidence tending to show him as a possible repeat offender. Appellant's brief at 14.

> Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. Admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact.

***Commonwealth v. Jackson***, 900 A.2d 936, 939 (Pa.Super. 2006) (citing

***Commonwealth v. Drumheller***, 808 A.2d 893, 904 (Pa. 2002)).

Evidence may be admissible in certain circumstances where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character. *Id*. It is well-established that reference to prior criminal activity of the accused may be introduced where relevant to some purpose other than demonstrating defendant's general criminal propensity.

Evidence of other crimes may be introduced to show: (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme or plan; and (5) identity. *Commonwealth v. Melendez–Rodriguez*, 856 A.2d 1278, 1283 (Pa.Super. 2004). In order for evidence of prior bad acts to be admissible as evidence of motive, the prior bad acts must provide a sufficient ground to believe that the crime currently being considered grew out of or was in some way caused by the prior set of facts and circumstances. *Id*. Such evidence may be admitted, however, "only if the probative value of the evidence outweighs its potential for unfair prejudice." Pa.R.E. 404(b)(2); *Commonwealth v. Hairston*, 84 A.3d 657, 665 (Pa. 2014).

In this case, evidence that Appellant had an outstanding arrest warrant in New Jersey and that his license was suspended was probative to show his motive for fleeing and eluding police. It was reasonable for the trial court to assume that Appellant did not want to be stopped by police because he feared he would be arrested.

Although evidence of the warrant and suspended license may have been prejudicial in some respect, it was not unduly so. **See Commonwealth v. Dillon**, 925 A.2d 131, 141 (Pa. 2007) ("Evidence will not be prohibited merely because it is harmful to the defendant."). Further, when examining the potential for undue prejudice, a cautionary jury instruction may ameliorate the prejudicial effect of the proffered evidence. Pa.R.E. 404(b); **Commonwealth v. Sherwood**, 982 A.2d 483, 497–98 (Pa. 2009) (finding that cautionary instructions were sufficient to overcome the prejudicial effect of prior bad acts evidence).

In this case, the trial court instructed the jury:

> You have heard, also, evidence tending to show that the defendant was involved in improper conduct for which he is not on trial. I'm speaking of the evidence to the effect that the defendant had an outstanding warrant and had a suspended driver's license.
>
> This evidence is before you only for a limited purpose. That is for the purpose of establishing and showing motive. This evidence must not be considered by you in any way other than for the purpose just stated.

N.T., 7/3/13, at 191.

Thus, the testimony was probative to show motive as to Appellant's fleeing and eluding police. It was not unduly prejudicial and its prejudice was further mitigated by the cautionary instruction given to the jury prior to deliberations. Its probative value clearly outweighed its potential prejudicial value and is, therefore, admissible.

As it relates to Appellant's penultimate issue, we outline the relevant principles as follows:

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1262 (Pa.Super. 2012) (internal citations omitted) (quoting *Commonwealth v. Trippett*, 932 A.2d 188, 198 (Pa.Super. 2007)).

Appellant's weight of the evidence argument alleges that the evidence presented by the Commonwealth that he was operating the car was speculative and that it did not support the jury's finding that he was the driver of the Jetta. Appellant's brief at 19. Therefore, according to Appellant, the verdict was against the weight of the evidence.

The trial court considered Appellant's weight of the evidence claim and deemed it to lack merit. The jury's choice to believe testimony of other witnesses over Appellant's claim that he was not the driver did not constitute a palpable abuse of discretion. *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014). Further, considering the evidence presented against Appellant at trial, the jury's verdict does not shock one's sense of justice,

nor was it one based upon conjecture. Thus, Appellant's weight of the evidence claim is without merit.

Appellant's final issue challenges the discretionary aspects of his various sentences. He claims that his sentences are manifestly excessive and either at the top end of the aggravated range of the applicable sentencing guidelines or in excess of the aggravated range.[1] Appellant further claims that the court offered no justification as to its reasoning for the upward deviation. Appellant's brief at 19.

The following principles are relevant,

> A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa.Super. 2004) (internal citations omitted).

_____

[1] We note that Appellant abandoned any claim that the aggregate term of imprisonment was manifestly excessive due to the consecutively-imposed sentences.

Appellant's brief contains a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f) that is compliant with the above standard. Appellant's brief at 12. Further, the Rule 2119(f) statement reveals a substantial question that the sentence imposed for fleeing and eluding was not appropriate under the sentencing code. Appellant claims that the trial court did not take into consideration any mitigating circumstances nor state any reasons for the imposition of a sentence that exceeded the aggravated range of the sentencing guidelines. *Id*. This Court has held that a substantial question is raised where an appellant alleges the sentencing court erred by imposing an aggravated range sentence without consideration of mitigating circumstances. ***Commonwealth v. Felmlee***, 828 A.2d 1105, 1107 (Pa.Super. 2003) (*en banc* ). Thus, there exists a substantial question which should be addressed regarding Appellant's challenge to the discretionary aspects of his sentence.

> The standard of review in these instances has been well-established:

> [I]mposition of sentence is vested in the discretion of the sentencing court and will not be disturbed by an appellate court absent a manifest abuse of that discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***McAfee***, ***supra*** at 275 (internal citations omitted). Further, 42 Pa.C.S. § 9721(b) lays out the factors that should shape the trial court's decision:

[T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. In every case where a sentencing court imposes a sentence outside of the sentencing guidelines, the court must provide in open court a contemporaneous statement of reasons in support of its sentence.

[T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for sentencing, resentencing and parole and recommitment ranges following revocation). In every case in which the court imposes a sentence for a felony or misdemeanor, . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. In every case where the court imposes a sentence or resentence outside the guidelines adopted by the Pennsylvania Commission on Sentencing under sections 2154 (relating to adoption of guidelines for sentencing), . . . the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines to the commission, as established under section 2153(a)(14) (relating to powers and duties). Failure to comply shall be grounds for vacating the sentence or resentence and resentencing the defendant.

42 Pa.C.S. § 9721(b).

Where an excessive sentence claim is based on a deviation from the sentencing guidelines, we first look for an indication that the sentencing court understood the suggested sentencing range. *Commonwealth v. Tirado*, 870 A.2d 362, 366 (Pa.Super. 2005)*.* When there is such an indication, the sentencing court may deviate from the sentencing guidelines.

- 12 -

*Id*. Simply stated, the sentencing guidelines are merely advisory and the sentencing court may sentence a defendant outside the guidelines as long as the sentencing court places its reasons for doing so on the record. *Id.*

Appellant alleges that the sentences imposed on him were manifestly excessive and that the trial court did not offer any justification as to their length nor did it indicate any balancing or review of any mitigating factors in setting the sentences. Appellant's brief at 20. According to Appellant, the trial court only seemed to consider and certainly only mentioned Appellant's prior criminal history before imposing the sentences. *Id.* at 19.

Appellant's claims regarding the sentencing proceeding are without merit. To begin with, Appellant's contention that his six-month minimum sentence for accidents involving damage to attended vehicle or property was at the top of the aggravated range is incorrect. The offense gravity score of that crime is one and Appellant's prior record score is five. Accordingly, the guideline's standard range is restorative sanctions to six months incarceration.[2] Thus, the six-month minimum term of imprisonment the trial court imposed herein was actually at the upper limit of the standard range of the sentencing guidelines rather than within the aggravated range. As a

_____

[2] As Appellant committed the underlying offenses prior to the effective date of the current sentencing guidelines, the former edition of the guidelines applies to the case. *See* 204 Pa.Code § 303.1(c). Additionally, we observe that since the amendments to the prior edition did not alter the portion of the sentencing matrix that we reviewed herein, an analysis under the current edition would be identical.

standard range sentence is presumed reasonable, and Appellant failed to present any relevant argument to support his contention that it was manifestly excessive, no relief is due. *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa.Super. 2009).

Appellant's remaining sentencing claim does not fare any better. Contrary to Appellant's contention, at the sentencing hearing the trial court first explained that it had received and reviewed the presentence report. N.T., 7/29/13, at 3. Appellant maintained his innocence. *Id.* at 10. The court also heard testimony from Sandra Buehler, the mother of Appellant's two children, who pleaded for leniency when determining Appellant's sentence. *Id.* at 8-9. The trial court also received and reviewed a letter from Appellant's sister. *Id*. at 9.

The trial court then weighed these considerations against Appellant's extensive criminal history*.* It recalled that it presided over Appellant's trial. The court concluded, based upon all of the information, that Appellant ultimately demonstrated a complete disregard for anyone's safety. *Id*. at 12. It characterized Appellant's prior criminal history as "ridiculous," highlighting his twenty-six arrests and thirteen convictions, which included "serious charges." *Id*. at 13-14. Considering all of this evidence, including Appellant's prior record, his potential to re-offend, and the danger that he created to the public in the events culminating in his conviction, the trial court determined that a sentence that exceeded the guidelines was justified

and that a lesser sentence would depreciate the seriousness of the crime. *Id.* at 14.

We find that the trial court properly articulated the nature and circumstances of the offense, as well as Appellant's history and personal characteristics, when it imposed a sentence in excess of the aggravated range. Thus, the trial court did not abuse its discretion and Appellant is not entitled to relief based on his challenge to the discretionary aspects of his sentence.[3]

In sum, the trial court's reasoning for the above-mentioned determinations are well grounded given deference to the facts and circumstances surrounding this case. It is clear that the trial court did not abuse its discretion nor commit reversible error by admitting evidence of Appellant's prior acts. The evidence was sufficient to support the verdict, and the jury's verdict was not against the weight of the evidence. Finally, Appellant's sentencing claims fail.

Judgment of sentence affirmed.

_____

[3] While Appellant challenged what he characterized as the trial court's lack of individualized consideration of the sentencing factors and its failure to balance the mitigating factors, Appellant did not raise whether the trial court provided the sentencing commission a contemporaneous written statement pursuant to 42 Pa.C.S. § 9721(b) of its reasons for deviating from the guidelines. We do not address this issue *sua sponte*.

J-S55013-14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/12/2014