J-S54010-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRACY MEDLEN | : | |
| | : | |
| Appellant | : | No. 1552 WDA 2017 |

Appeal from the PCRA Order August 8, 2017
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0000328-2013

BEFORE: PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY PANELLA, J. FILED NOVEMBER 19, 2018

Tracy Medlen appeals pro se from the order dismissing his first petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without a hearing. We affirm.

The relevant fact and procedural history are as follows. On January 17, 2013, Appellant was arrested and charged with various offenses arising from the stabbing of Brandon Sarasnick with a kitchen knife. Following a jury trial, Appellant was convicted of criminal attempt (homicide), aggravated assault, and recklessly endangering another person. The trial court sentenced Appellant to twenty to forty years' incarceration. A panel of this Court affirmed Appellant's judgment of sentence. See Commonwealth v. Medlen, No. 344 WDA 2014 (Pa. Super., filed, Feb. 5, 2016) (unpublished memorandum).

On April 15, 2016, Appellant filed a pro se PCRA petition. In his petition, Appellant levied numerous claims against trial counsel, the trial court, and the

Commonwealth. Notably, Appellant asserted trial counsel's ineffectiveness in failing to object to the testimony of Rashae Watts and failing to cite to supporting case law in his appellate brief, as well as a violation of his right to due process triggered by the Commonwealth's improper addition of criminal attempt (homicide) to Appellant's criminal complaint. The PCRA court appointed counsel, who later filed a no-merit letter and a motion to withdraw. The PCRA court granted counsel's motion to withdraw, issued notice of its intent to dismiss, and ultimately dismissed Appellant's petition without a hearing. A timely notice of appeal followed.

On November 3, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed a concise statement on December 4, 2017, alleging, in part, trial counsel's ineffectiveness in failing to object to Watts' testimony as well the violation of his due process rights by the improper addition of criminal attempt (homicide) to his criminal complaint. See Appellant's Rule 1925(b) Concise Statement, 12/4/17, at ¶¶ 2, 4-6. On January 9, 2018, without leave of court, Appellant filed an amended Rule 1925(b) statement.

On appeal, Appellant asserts trial counsel provided ineffective assistance by: 1) failing to cite to relevant case law in Appellant's brief on direct appeal; 2) failing to move for a continuance of trial after her appointment a week before trial; 3) failing to object to the improper addition of criminal attempt (homicide) to the criminal complaint; and 4) failing to object to the testimony of Commonwealth witness Rashae Watts. See Appellant's Brief, at 3-4 ¶¶ 1-

- 2 -

3, 6. Appellant raises alleged trial court error in: 5) allowing trial counsel to proceed to trial one week after her appointment; 6) allowing the Commonwealth to improperly add criminal attempt (homicide) to Appellant's criminal complaint; 7) permitting Rashae Watts to testify. See id., at ¶¶ 2-3, 6. And finally, Appellant alleges prosecutorial misconduct in violation of his constitutional rights due to: 8) the handwritten addition of criminal attempt (homicide) to his criminal complaint; and 9) the Commonwealth failure to turn over medical records pertaining to Sarasnick's blood alcohol level on the night in question.[1] See id., at ¶¶ 4, 5.

We must first determine which of these issues Appellant preserved for our review. As explained below, the only preserved issue is number four.

Issues five, six, and seven allege claims of trial court error.

> The PCRA, however, procedurally bars claims of trial court error, by requiring a petitioner to show the allegation of error is not previously litigated or waived. 42 Pa.C.S.A. §§ 9543(a)(3), 9544. At the PCRA stage, claims of trial court error are either previously litigated (if raised on direct appeal) or waived (if not). Commonwealth v. Spotz, 18 A.3d 244, 260-61 (Pa. 2011) (rejecting claims of trial court error as either previously litigated where raised on direct appeal or waived where not raised direct appeal).

Commonwealth v. Reyes-Rodriguez, 111 A.3d 775, 780 (Pa. Super. 2015) (en banc).

_____

[1] Appellant's statement of questions on appeal was convoluted and each "question" contained more than one issue per question. For ease of disposition, we have restated and renumbered the issues Appellant raises through his statement of questions on appeal.

Appellant failed to raise issues five, six, and seven on direct appeal. So, we find those three issues waived.

Issues eight and nine raise claims of prosecutorial misconduct. As noted, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Appellant could have raised these claims of prosecutorial misconduct in his direct appeal, but did not. See Commonwealth v. Ford, 809 A.2d 325, 329 (Pa. 2002) (finding claims of prosecutorial misconduct waived on collateral review as they could have been raised on direct appeal, but were not). So, we find issues eight and nine waived.

He has also failed to preserve issues one, two, and three as well because he did not include them in his timely[2] Rule 1925(b) statement. Instead,

_____

[2] The trial court contends Appellant's Rule 1925(b) statement was untimely as it was filed more than 21 days after the trial court's order. The record reveals, however, that Appellant's Rule 1925(b) concise statement was dated November 22, 2017. Pursuant to the prisoner mailbox rule, a pro se prisoner's document is deemed filed as of the date he delivers it to prison authorities for mailing. See Commonwealth v. Jordan, 182 A.3d 1046, 1048 n.3 (Pa. Super. 2018). Thus, if Appellant actually delivered his Rule 1925(b) statement to prison authorities on November 22, 2017, the date on his statement, it would have been timely filed.

In order for the prisoner mailbox rule to apply, the prisoner must prove the date he gave the document to prison officials through "a properly executed prisoner cash slip or other reasonably verifiable evidence of the date." Pa.R.A.P. 121(a). The only "proof" Appellant provided of the mailing date of his concise statement is an unsworn declaration, appended to his appellate brief, stating he gave his Rule 1925(b) concise statement to prison officials on

Appellant only included these issues in an untimely supplemental Rule 1925(b) statement, filed without leave of court. "Any issues not raised in a [Rule] 1925(b) statement will be deemed waived" Commonwealth v. Castillo, 888 A.2d 775, 780 (Pa. 2005) (citation omitted). This rule of waiver extends to issues raised in an untimely supplemental Rule 1925(b) statement filed without leave of court. See Commonwealth v. Jackson, 900 A.2d 936, 939 (Pa. Super. 2006). Thus, we find these three issues waived.

That leaves us with just issue four to address on the merits. There, Appellant contends trial counsel was ineffective for failing to object to the testimony of Watts. Appellant asserts this was error as the defense was unaware that Watts would be testifying until the date of trial.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." Commonwealth v. Edmiston, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). On questions of law, our scope of review is de novo. See id.

We presume counsel's effectiveness, and an appellant bears the burden of proving otherwise. See Commonwealth v. Brown, 161 A.3d 960, 965

_____

November 22, 2017. We do not find this to be "reasonably verifiable evidence" of the date he provided his statement to prison officials. While we could remand this case for a hearing on this issue, we decline to do so, as we find, for reasons set forth below, that Appellant's substantive arguments merit no relief. See Commonwealth v. Chambers, 35 A.3d 34, 40 (Pa. Super. 2011) (refusing to remand for hearing on timeliness pursuant to the prisoner mailbox rule where underlying arguments were meritless).

(Pa. Super. 2017). To establish ineffectiveness of counsel, a PCRA petitioner must plead and prove the following: his underlying legal claim has arguable merit; counsel's actions lacked any reasonable basis; and counsel's actions prejudiced the petitioner. See Commonwealth v. Spotz, 18 A.3d 244, 260 (Pa. 2011). Failure to satisfy any prong of the ineffectiveness test requires dismissal of the claim. See Commonwealth v. O'Bidos, 849 A.2d 243, 249 (Pa. Super. 2004). Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. A reasonable probability is probability sufficient to undermine confidence in the outcome." Commonwealth v. Stewart, 84 A.3d 701, 707 (Pa. Super. 2013) (en banc) (citations and internal quotation marks omitted).

The Commonwealth contends that Appellant's claim of ineffectiveness fails because he fails to plead, or even attempt to prove, resultant prejudice. We agree.

While Appellant vaguely asserts prejudice due to the surprise nature of Watts's testimony, he fails to show how the introduction of that testimony actually prejudiced him. In fact, Appellant does not even address the contents of Watts's testimony in his appellate brief. Given this, we cannot conclude that but for counsel's errors, the results of the proceedings would have been different. Appellant's sole preserved ineffective assistance of counsel claim fails.

As Appellant is due no relief on any of his issues, we affirm the PCRA court's order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/19/2018