J-A25043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ERIC BOYKO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARL N. BOYKO | : | |
| | : | |
| Appellant | : | No. 1135 EDA 2025 |

Appeal from the Order Entered April 10, 2025
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2020-C-0881

BEFORE:  LAZARUS, P.J., BOWES, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JANUARY 5, 2026**

Petitioners in the trial court, Carl N. Boyko and Donald Boyko (collectively Appellants), appeal from the order denying their joint petition "for the Intervention and Joinder of Donald Boyko as a Party Defendant in the Partition Action of Eric Boyko[.]" Appellants dually contend that the trial court abused its discretion or committed an error of law when it: (1) determined that a March 25, 2022 consolidation order did not permit joinder/intervention; and (2) found that there were no special circumstances warranting joinder/intervention. We affirm.

The court summarized the factual and lengthy procedural history of the parties' multifaceted dispute as follows:

Donald Boyko and Minnie Boyko, husband and wife, were the

_____

[*] Retired Senior Judge assigned to the Superior Court.

parents of Eric and Carl N. Boyko. Minnie died testate in March[] 2004. At the time of her death, Minnie was the sole owner of eight properties. A ninth property was jointly owned by Donald and Minnie, and a tenth property was owned solely by Donald. Nine of the properties are located in Lehigh County, and the tenth is located in Luzerne County.

Pursuant to the terms of her will, the eight properties owned solely by Minnie Boyk[o] were transferred to Donald as executor of his wife's estate. At approximately the same time as the distribution of assets of his wife's estate, Donald was the subject of an investigation by the [Pennsylvania] Department of Protection (DEP) related to a company owned by Donald, Boyko's Petroleum Services, Inc. (BPS). In an attempt to prevent any action being taken against the eight properties bequeathed to Donald through Minnie's will, Donald and his two sons allegedly came to an oral agreement for Donald to transfer all ten properties in question to Eric and Carl, with the alleged understanding that at some point in the future, Eric and Carl would transfer the same properties back to Donald. The deed transfers were effectuated on November 17, 2004. All the conveyances transferred the properties in question to Eric and Carl as joint tenants with a right of survivorship for consideration of $1.00.

Even after he transferred the properties to the two sons, Donald continued to pay the taxes, insurance, maintenance expenses, and costs of improvement on the properties. After the conclusion of the DEP investigation, in 2006 and 2007, Donald directed counsel on his behalf to send written correspondence to Eric and Carl asking for the properties to be transferred back to Donald. Carl agreed to the request, but Eric did not.

In 2018, Donald accused Eric of assaulting him. As a result, Donald indicated he was going to file for a temporary Protection [f]rom Abuse (PFA) order against Eric. In an effort to dissuade Donald from filing for the temporary PFA order, Donald and Eric allegedly came to an oral agreement that in return for Donald refraining from pursuing the PFA order, Eric would agree to transfer his interests in the property in question back to Donald. However, no such transfer ever occurred. Carl also never formally transferred his interest in the subject properties back to his father.

Three different cases were filed for claims related to the properties. Eric filed the actions in Case Nos. 2020-C-0081 and

2022-C-0067 against his brother Carl. Carl filed a counterclaim in each case against Eric. Within those counterclaims, Carl asserted that he and Eric held the properties in dispute in trust for their father, Donald, and that Eric breached the oral agreement to convey the properties back to Donald, thus entitling Carl to specific performance by Eric to return his interests in the properties to Donald.

Donald filed a lawsuit in Case No. 2021-C-0875 against Eric in 2021 alleging the imposition of a "resulting trust," or in the alternative, a "constructive trust" by which Donald's interests in the properties were conveyed to Eric per an agreement for the properties to be held in trust by Eric for Donald's benefit. Lastly, Donald averred in a third count of his [c]omplaint that Eric had incurred unjust enrichment by way of Donald expending over $600,000.00 for the upkeep and maintenance of the properties in question. All three cases were consolidated into Case No. 2020-C-0081 by [o]rder dated March 25, 2022.

. . .

[As these property disputes had heretofore been considered by another trial judge, the court expressed its intention to apply the coordinate jurisdiction rule to remain consistent with that previous judge's "law of the case."] Eric filed motions for summary judgment in all three cases. After consideration of the motions and accompanying briefs from the parties, [the previous judge, the Honorable Thomas Caffrey,] entered an order finding in favor of Eric in all three cases. Within his [o]rder and [o]pinion, Judge Caffrey found that Donald had not created a "resulting trust" due to the fact he did not pay the purchase price for the properties at the time of the transfers to Eric and Carl. . . . Judge Caffrey recognized that Eric and Carl are the children of Donald, but Judge Caffrey also concluded the condition precedent for the creation of a resulting trust had not been established because Donald did not pay any purchase price for the transfer of the properties to his sons. Therefore, Judge Caffrey found a resulting trust had not been created by Donald at the time the properties were transferred to his two sons.

Secondly, Judge Caffrey held that in order for Donald to have created a "constructive trust," the properties in question would have had to [have] been conveyed as a result of fraud, duress, under influence or mistake, or at the time of a transfer of property,

- 3 -

the parties were in a confidential relationship. . . .

. . .

Judge Caffrey conceded there may well be a genuine dispute of material fact over whether Donald transferred the ten properties in question to his son under some agreement that the properties be held in trust until a point in time when Donald asked for the properties to be reconveyed back to him. . . .

However, because Judge Caffrey found the elements of a constructive trust were not established, there would not be any basis to exclude the transfer of real estate between Donald and his sons from the applicability of the [s]tatute of [f]rauds. Additionally, the five[-]year statute of limitations on claims for enforcement of a constructive trust elapsed by the time Donald initiated his lawsuit in 2021, some 17 years after the properties were conveyed to Eric and Carl. This time bar precluded Donald from arguing he could proceed with a cause of action for the creation of a constructive trust, even if the [c]ourt were to find an alleged oral agreement by Eric to transfer his interests in the properties back to his father in return for Donald not proceeding with a PFA order against his son[] Eric in 2018. Donald's counsel argued that the alleged 2018 "renewed promise" by Eric to Donald reset the statute of limitations, seemingly relying on the "acknowledgement doctrine," which provides that a statute of limitations may be tolled or its bar removed when a debtor promises to pay an existing debt. Judge Caffrey ultimately concluded there was not any legal authority presented, and none could be found by the [c]ourt, to support the proposition that an "acknowledgement doctrine" or theory of "renewal promise" would permit a plaintiff to proceed with an equitable claim for imposition of an implied trust that is barred by the statute of limitations. He also concluded that to the extent Donald sought specific enforcement of an oral contract between Donald and Eric for reconveyance of the properties, such a claim was barred by the statute of frauds.

In the third count of the lawsuit filed by Donald against Eric, [he] averred he was entitled to compensation due to unjust enrichment of . . . Eric[] if the properties were not transferred back to the father. Donald claimed then, and continues to assert, he invested more than $600,000.00 in improvements on the properties. Donald asserts it would be inequitable to allow Eric to benefit from

those investments without due compensation back to Donald. Judge Caffrey found the four-year statute of limitations on claims for unjust enrichment similarly barred Donald from successfully arguing the merits of any unjust enrichment contention.

Donald [and Carl] appealed Judge Caffrey's decision to the Superior Court. On February 12, 2024, the Superior Court affirmed Judge Caffrey's rulings. Neither party filed a petition for allocatur to the Pennsylvania Supreme Court[,] and the case was returned to [the Lehigh County Court of Common Pleas] for disposition. On November 4, 2024, [] Eric filed a [m]otion to request a hearing on the partitionability of the properties. A hearing upon said [m]otion was scheduled for December 12, 2024, but was continued until January 21, 2025. On that date, pursuant to [Pennsylvania Rule of Civil Procedure] 1557, the [c]ourt made a determination that the properties in question were capable of partition. The [c]ourt appointed itself as the hearing officer under [Pennsylvania Rule of Civil Procedure] 1558 and scheduled a hearing on the valuation of the properties to occur during the week of May 19, 2025.

Donald [and Carl] filed the [currently at-issue petition for intervention and joinder, which was denied after argument.]

Trial Court Opinion, 4/10/25, at 1-8 (all citations and unnecessary last names omitted).

Appellants subsequently filed a timely notice of appeal. When directed by the court to file a statement of errors complained of on appeal within twenty-one days of April 29, 2025, Appellants timely complied but simply averred that the court erred in denying their petition without any elaboration. *See* Concise Statement, filed 5/13/25. The following day, the court issued a statement pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) indicating that Appellants' concise statement amounted to waiver because it lacked specificity and therefore preserved no issues for review. *See* Pa.R.A.P. 1925(a) Statement, filed 5/14/25. Thereafter, without leave of court,

Appellants filed, still within the originally prescribed twenty-one days, an amended concise statement on May 19, 2025. Therein, Appellants alleged, *inter alia*, that the court erred by refusing to recognize Donald Boyko's substantial interest in the properties that are presently in dispute. **See** Amended Concise Statement, filed 5/19/25.[1]

On appeal, Appellants present two issues for review:

1. Did the trial court commit an error of law or abuse its discretion in determining that the bargained-for and clear language of the consolidation order dated March 25, 2022, did not permit joinder/intervention?

---

[1] As, in the court's own words, "[t]he basis for [its] denial of the[ p]etition is set forth in the opinion that accompanied the April 10, 2025 [o]rder," Pa.R.A.P. 1925(a) Statement, filed 5/14/25, at 2, our review has not been impeded by the fact that the court did not issue a subsequent 1925(a) statement following Appellants' submission of an amended concise statement. Nevertheless, we note our displeasure in Appellants for failing to adhere to our Rules of Appellate Procedure and, consistent with that admonishment, we could, in theory, have found complete waiver of all issues. **See** Pa.R.A.P. 1925(b)(2)(i) (requiring an "application of the appellant and . . . good cause shown" for a judge to entertain the submission of an amended statement); **see also Interest of A.S.**, 2025 WL 2779346 at *6 (Pa. Super., filed Sept. 30, 2025) (unpublished memorandum) (1369 WDA 2024) ("[T]his Court has explained that a subsequently filed amended or supplemental Rule 1925(b) statement will not preserve issues for appeal unless the party requests and receives leave of court to file that statement.") (citing, *inter alia*, **Commonwealth v. Jackson**, 900 A.2d 936, 939 (Pa. Super. 2006)). Although **A.S.**'s pronouncement is clear, it is both unpublished and inherently reliant on **Jackson**, which found waiver of that appellant's issues when he filed several *untimely* supplemental concise statements without leave of court. **See Jackson**, 900 A.2d at 939. Here, Appellants filed their amended concise statement within the timeframe set out by the trial court: within twenty-one days of April 29, 2025. We decline to find waiver given Appellants' timely filing of the amended concise statement and the existence of the court's thorough April 10, 2025 opinion, which correspondingly addresses the issues that Appellants raise in the present appeal.

2. Did the trial court commit an error of law or abuse its discretion in failing to recognize that the special circumstances of Donald Boyko permit his joinder/intervention?

*See* Appellants' Brief at 5.[2]

---

[2] In his brief, Eric Boyko argues that the order denying Appellants' petition was an unappealable interlocutory order. *Cf.* 42 Pa.C.S. § 742 (giving this Court jurisdiction over "all appeals from final orders" except as otherwise provided). We agree with Eric that the appealed-from order is not final, as it does not dispose of all claims and of all parties. *See* Pa.R.A.P. 341(b)(1); *but see* Appellants' Brief at 1 (stating, erroneously, that jurisdiction was conferred upon this Court as a final order under 42 Pa.C.S. § 762, which is a section establishing the breadth of the Commonwealth Court's jurisdiction over final orders).

Nevertheless, under our Rules of Appellate Procedure, a collateral order that is otherwise interlocutory may be taken as of right upon satisfaction of a three-part test, known as the collateral order doctrine, where said order is "[(1)] separable from and collateral to the main cause of action [(2)] where the right involved is too important to be denied review and [(3)] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). After this Court issued a rule to show cause as to why this appeal should not be quashed as unappealable, Appellants responded by, *inter alia*, asserting that "Donald Boyko has been a life-long resident of one of the properties subject to partition, owns a business operated in another of the properties subject to partition and has important and significant personal property in his life-long residence and at the place of his business[,] which need be protected." Statement, filed 6/5/25, at ¶ 5. Conversely, Eric contends that Donald has not met *any* of the three prongs of the collateral order doctrine because Donald has no cognizable legal interest in the present matter, Donald's own claims over the properties' status have already been fully adjudicated and dismissed, and Donald's lack of any unresolved claims forecloses any possibility that there could be an irreparable loss by proceeding further with the underlying dispute. *See* Appellee's Brief at 2-5. We acknowledge that this Court is to construe "the collateral order doctrine narrowly so as to avoid undue corrosion of the final order rule and to prevent delay resulting from piecemeal review of trial court decisions." *K.C. v. L.A.*, 128 A.3d 774, 778 (Pa. 2015) (citations and quotation marks omitted). However, in the interest of providing complete review to issues emanating from these properties coupled with Donald's tangible involvement

*(Footnote Continued Next Page)*

We begin by reciting our standard of review: "[w]hether to allow intervention is a matter vested in the discretion of the trial court and the court's decision will not be disturbed on appeal absent a manifest abuse of its discretion." ***Johnson v. Tele–Media Co. of McKean Cty.***, 90 A.3d 736, 739 (Pa. Super. 2014).[3]

In their first issue, Appellants assert that because, on March 25, 2022, the trial court entered an order consolidating all three then-active cases involving Donald, Carl, and Eric, that order should have provided the basis for the court to grant Appellants' petition for intervention and joinder, given that

_____

in the same and when further juxtaposed against our ultimate decision to affirm the trial court's order denying Appellants' petition, we hold that the court's order denying joinder/intervention fell under the auspice of the collateral order doctrine and was therefore appealable as of right. In particular, the request to intervene/become a party via joinder is separable and collateral to the underlying partition action, rights involving property are "deeply rooted in public policy," ***Nemirovsky v. Nemirovsky***, 776 A.2d 988, 991 (Pa. Super. 2001), and therefore too important to be denied review, and Donald's substantive claims, to the extent they are discernable this juncture, would be irreparably lost should there be finality to the partition determination. As such, we determine that the collateral order doctrine has been met.

[3] We note that Appellants vacillate between the concepts of joinder and intervention, rendering it difficult to precisely adjudicate their claims. ***See, e.g.***, Appellants' Brief at 14-16 (citation to law governing permissive joinder); 18 (discussion in the same argument section exclusively referencing the petition solely as a "petition to intervene"), 18 (suggesting that the trial court should have focused on "the narrow issue of the propriety of joinder and intervention"), 19 (arguing that Donald's "special interests" require joinder and intervention, despite having provided no authority on intervention at that juncture), 20 (Appellants' first presentation of authority on intervention, the penultimate page of their brief).

it consolidated the three actions for "all purposes, including discovery[] and trial." Order, 2/23/22.

Conversely, Eric argues that, as part of the prior procedural history in this ongoing dispute, there has been a

> full and fair disposition of Donald's claims[, which] resulted in their dismissal, and Appellants have advanced absolutely no legal authority – there being none – for the proposition that a litigant who has been put out of court by the dismissal of their claims should be able to participate in litigation purely because the docket at which he had advanced his dismissed claims was at one time consolidated with other matters that remain pending.

Appellee's Brief at 20.

After reviewing the record, there are no unadjudicated claims alleged by, or asserted against, Donald that preexist the March 25, 2022 order. In effect, there is finality regarding Donald's involvement in the three now-consolidated cases between Donald, Carl, and Eric, as evidenced by this Court's affirmance of the trial court's grant of summary judgment wholly in favor of Eric. *See Boyko v. Boyko*, 2023 WL 9019568 (Pa. Super., filed December 29, 2023) (unpublished memorandum) (107 EDA 2023). Appellants have failed to provide any legal authority—and we have found none—allowing for the effective "resurrection" of a party's claims or defenses, by way of an earlier consolidation order, *after* the complete termination and adjudication of that party's involvement in a case. Accordingly, Appellants are due no relief

on this claim.[4]

In their second issue, Appellants advance a theory that Donald has a "special interest" in the partition matter, as an occupant of one of the properties and a business operator on another, and therefore, he should have been permitted to become a party in this case. Appellants then cite, in full, Pennsylvania Rule of Civil Procedure 2229, which sets forth five different ways in which to effectuate permissive joinder. *See* Pa.R.Civ.P. 2229.[5] Appellants specifically cite Rule 2229(a), which states that "[p]ersons may join as plaintiffs who assert any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the rights to relief of all such persons will arise in the action." Pa.R.Civ.P. 2229(a).[6]

_____

[4] We note that, given Appellants' failure to provide *any* relevant authority on this point, we could have found waiver of this claim. ***See Umbelina v. Adams***, 34 A.3d 151, 161 (Pa. Super. 2011) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citing Pa.R.A.P. 2119)).

[5] As pointed out by Eric, "Appellants did not cite to [Rule] 2229" in their petition. Appellee's Brief at 20.

[6] Appellants later, as an ancillary matter, argue that Donald has an "interest in personal property at his lifelong home and at his business," Appellants' Brief at 18, relying on subsection (e), which allows for permissive joinder "[i]n an action to adjudicate title to or an interest in real or personal property (1) persons whose claims are not adverse to each other may join as plaintiffs; (2)
*(Footnote Continued Next Page)*

Appellants then delve into Donald's "special interest," firstly emphasizing that he was the original owner of all ten properties subject to partition. *See* Appellants' Brief at 16. Appellants argue that "[f]or more than twenty years after the conveyances[,] Donald has maintained all ten properties, occupied them, collected rents, paid for insurance[,] and exercised all of the characteristics of complete dominion and control." *Id.* In particular, Donald alleges he has spent "over $705,000.000 in the exercise of uninterrupted dominion and control of all ten properties." *Id.* at 17. Moreover, Appellants maintain that Donald has a "special interest which is legally enforceable in the continuing occupancy of his home . . . and has extensive [personal] property there and at the place of his business[.]" *Id.* at 18. Distilled down, Appellants argue that because Donald is, in essence, a residential or business occupant of some of these properties, having previously owned all of them, and has invested money into them and installed chattel onto them, his rights will inherently be affected by any partition adjudication.

In denying Appellants' petition, consistent with Appellants' arguments raised therein, the court looked to Pennsylvania Rule of Civil Procedure 2327,

---

any person whose claim is adverse to that of the plaintiff may be joined as a defendant." Pa.R.Civ.P. 2229(e).

which provides nonparties with four bases to intervene.[7] The court concluded that Donald did not meet any of them. In particular, at subsection (1), the court found that "Donald Boyko is not a party nor has he been found to have a legally recognized interest for which he would be subject to any liability to indemnify in whole or in part the party against whom judgment may be entered." Trial Court Opinion, 4/10/25, at 10 (cleaned up). As such, based on the prior summary judgment adjudication, a determination subsequently affirmed by this Court, Donald *has no legally recognized interest in the*

---

[7] At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if

> (1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or
>
> (2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or
>
> (3) such person could have joined as an original party in the action or could have been joined therein; or
>
> (4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

Pa.R.Civ.P. 2327.

*properties*. ***See id.***[8] At subsection (2), the court determined that it did not maintain custody over any at-issue property. The court found subsection (3) to be unavailing as none of the properties were titled in Donald's name "at the time Eric Boyko filed the partition action[.]" ***Id.*** at 11 (further discussing how "[i]f Carl had conveyed his legal interests in the property, then Eric would have had to necessarily name Donald as the other party whose interest in the ten properties had to be partitioned. That potential transfer of legal interests though never occurred[]"). Regarding subsection (4), the court reiterated that Donald did not have any legally enforceable interest in the partition action because of his lack of legal interest in the properties. ***See id.*** at 12.

Finally, notwithstanding the court's repeated emphasis on what was previously adjudicated regarding Donald's legal or equitable interest in the properties, the court also considered Donald's position as both a residential and business occupant of some of the properties and also a person who has expended large sums of money on the same. The court found that "Donald [did] not claim to have a leasehold interest for a term of years and his alleged possession of the properties and the expenditures he incurred do not rise to the level of him acquiring an interest in the properties for purposes of being entitled to participate in a partition action." Trial Court Opinion, 4/10/25, at

---

[8] As the court later wrote, Donald additionally did not have any equitable interest in the properties, which refers to his previously decided unmeritorious claim of unjust enrichment. ***See*** Trial Court Opinion, 4/10/25, at 11-12.

10 n.2. After citing several pieces of authority, the court continued: "just because a person has a substantial sum of money on the line as it pertains to the subject property or its owners does not automatically give that party the right to intervene in a partition action." *Id.*

After conducting our own review, we find that Appellants have failed to surmount the trial court's conclusion that Donald was not entitled to joinder or intervention. We emphasize that the court's decision was inextricably predicated on the factual record and procedural posture of this case, which paid particular attention to our previous decision affirming summary judgment in Eric's favor, resolving all of Donald's then-outstanding claims on the properties. The sparse authority that Appellants have relied upon throughout their brief, when coupled with their failure to acknowledge Donald's previously adjudicated position as it pertains to those ten properties, i.e., that he has no legal or equitable interest therein, does not amount to the "manifest abuse of discretion" standard to reverse the trial court's determination on intervention. *See Johnson*, *supra*. Stated differently, Donald's previous involvement in this dispute, which has been fully resolved by a prior panel of this Court, and his present association with at least some of the properties, physically or monetarily, does not rise to the level of him having the requisite interest, under any of our Rules of Civil Procedure, allowing for him to become a party to the current partition action by way of joinder or intervention. As such, the court did not abuse its discretion in denying Appellants' joinder/intervention

petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/5/2026