J-S38008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEPHEN BLAKESLEE, | : | |
| | : | |
| Appellant | : | No. 938 EDA 2013 |

Appeal from the PCRA Order Entered March 6, 2013,
In the Court of Common Pleas of Delaware County,
Criminal Division, at No(s). CP-23-CR-0002677-2003.

BEFORE:  FORD ELLIOTT, P.J.E., BOWES and SHOGAN, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 01, 2015**

Appellant, Stephen Blakeslee, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On January 20, 2004, Appellant pleaded guilty to two counts of involuntary deviate sexual intercourse and two counts of indecent assault in connection with his molestation of three children between 2002 and 2004. On September 13, 2004, Appellant was found to be a sexually violent predator ("SVP") and was sentenced to a term of ten to twenty years of imprisonment plus a consecutive five-year term of probation.  Following the denial of his post-sentence motion, Appellant filed a timely notice of appeal and was directed by the trial court to file a concise statement of matters

complained of on appeal pursuant to Pa.R.A.P. 1925(b). On March 31, 2005, counsel filed a timely concise statement. On June 8, 2005, counsel filed an untimely supplemental concise statement in which he argued that the evidence at the SVP hearing was insufficient to declare Appellant an SVP.

On September 12, 2006, this court affirmed the judgment of sentence. *Commonwealth v. Blakeslee*, 664 EDA 2005, 911 A.2d 177 (Pa. Super. filed September 12, 2006) (unpublished memorandum). Citing *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998), and *Commonwealth v. Jackson*, 900 A.2d 936 (Pa. Super. 2006), we held that Appellant's issue challenging the sufficiency of the evidence at the SVP hearing was waived as having been raised in an untimely Pa.R.A.P. 1925(b) statement.

On November 14, 2007, Appellant timely filed the PCRA petition underlying the instant appeal.[1] Although counsel was appointed, counsel subsequently filed a motion to withdraw and a "no-merit" letter pursuant to

---

[1] Appellant had until October 12, 2007, to timely file his petition. Although not docketed until November 14, 2007, there is evidence of record that Appellant delivered his petition to prison authorities on October 12, 2007, and that it was received by the court on October 18, 2007. Pursuant to the "prisoner mailbox rule," a PCRA petition is deemed filed when it is placed in the hands of prison authorities for mailing. *Commonwealth v. Castro*, 766 A.2d 1283, 1287 (Pa. Super. 2001). Thus, we deem Appellant's petition timely.

***Turner-Finley***.[2]  On April 2, 2012, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.  On June 1, 2012, Appellant filed a response, and on March 6, 2013, the PCRA court dismissed Appellant's petition and permitted counsel to withdraw.  This timely appeal followed.

On appeal, Appellant raises a single issue:

> Did the lower court err when it determined that Appellant's direct appeal counsel was not ineffective when he waived Appellant's right to appeal his SVP determination, by not filing a timely 1925(b) statement regarding this issue?

Appellant's Brief at 2 (full capitalization omitted).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error.  ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011) (citing ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005)).  The PCRA court's findings will not be disturbed unless there is no support for them in the certified record.  ***Id***. (citing ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

When considering an allegation of ineffective assistance of counsel, counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that:  (1) the underlying claim is of

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (setting forth the procedure for counsel to withdraw in PCRA matters).

arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission. *Commonwealth v. Pierce*, 527 A.2d 973, 975-976 (Pa. 1987). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Commonwealth v. Reed*, 42 A.3d 314, 319 (Pa. Super. 2012). A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. *Commonwealth v. Williams*, 863 A.2d 505, 513 (Pa. 2004). "The burden of proving ineffectiveness rests with Appellant." *Commonwealth v. Rega*, 933 A.2d 997, 1018 (Pa. 2007).

The PCRA court found that Appellant's ineffectiveness claim was not cognizable under the PCRA pursuant to *Commonwealth v. Masker*, 34 A.3d 841 (Pa. Super. 2011) (*en banc*). The Commonwealth reiterates this argument on appeal. Commonwealth's Brief at 8.

In *Masker*, the appellant raised three claims of ineffective counsel in his PCRA petition:

> a. Trial counsel failed to properly advise the Defendant of his right to remain silent during his sexual offender evaluation;
>
> b. Trial counsel failed to provide an expert witness to counter the sexually violent predator determination made by the Sexual Offender Assessment Board;

> c. Trial counsel failed to raise the issue of whether or not use of the Sexual Offender Assessment Board (SOAB) assessment admissions violated the Defendant's Fifth Amendment right to remain silent, during post-sentence motions, or on direct appeal.

*Masker*, 34 A.3d at 842.

After the denial of Masker's petition, an appeal was filed in this Court raising the following three issues:

> a) Whether the trial court erred in determining that consequences of a sexual offenders['] evaluation were collateral consequences and were not cognizable claims under the Post Conviction Collateral Relief Act?
>
> b) Whether the trial court erred in determining that trial counsel rendered effective assistance of counsel at the sentencing phase?
>
> c) Whether the trial court erred in determining that the Defendant's Amended PCRA did not have merit?

*Masker*, 34 A.3d at 843.

The *Masker* Court began its analysis by noting the holding in *Commonwealth v. Price*, 876 A.2d 988 (Pa. Super. 2005), which concluded that because the determination of an SVP hearing is independent of a challenge to a conviction or a sentence, it is not cognizable under the PCRA. The *Masker* Court also observed that the collateral consequences of a criminal conviction also are not cognizable under the PCRA. Ultimately, in

holding that all of the appellant's issues on appeal were not cognizable, including the issue framed as ineffective assistance of counsel, the **Masker** Court stated as follows:

> As noted above, a challenge to the classification of the defendant as a SVP is not a challenge to the conviction or sentence, and therefore is not cognizable under the PCRA. **See Price**, 876 A.2d at 995. In the present appeal, Masker does not challenge the propriety of his conviction or sentence. **See** Amended PCRA petition, 1/15/2009. Rather, in an attempt to avoid the dictates of **Price**, Masker seeks to challenge the method by which he was determined to be a SVP. **See id.** We conclude that under the PCRA there is no meaningful difference between a challenge to the determination itself and a challenge to the process by which it was reached.

**Masker**, 34 A.3d at 843-844.

Thus, **Masker** stands for the proposition that a challenge to one's designation as an SVP or a challenge to the process resulting in an SVP designation is not cognizable under the PCRA. **Masker**, 34 A.3d at 842. Here, however, Appellant is neither challenging his designation as an SVP nor the process by which he was designated an SVP. Therefore, **Masker** is inapplicable.

In this case, Appellant is claiming only that his direct appeal counsel was ineffective in failing to preserve a sufficiency of the evidence challenge to his SVP designation. Appellant's Brief at 6. Because the sufficiency of the evidence supporting an SVP designation may be challenged on direct

appeal,[3] counsel's failure to preserve the issue for direct appeal is cognizable as an ineffectiveness claim.

Nevertheless, even though the PCRA court erred in holding that Appellant failed to present a cognizable claim, we conclude that Appellant is entitled to no relief.[4]  At the time of his conviction, the applicable statute defined an SVP as follows:

> A person who has been convicted of a sexually violent offense...and who is determined to be a sexually violent predator...due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses.

42 Pa.C.S. § 9792 (expired December 20, 2012, pursuant to 42 Pa.C.S. § 9799.41).

> The appropriate standard of review regarding the sufficiency of the evidence is whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all the elements of the offenses. As a reviewing court, we may not weigh the evidence and substitute our judgment for that of the fact-finder. Furthermore, a fact-finder is free to believe all, part or none of the evidence presented.
>
> At the hearing prior to sentencing the court shall determine whether the Commonwealth has proved by clear and convincing evidence that the individual is a sexually violent predator.

---

[3]  *See generally Commonwealth v. Stephens*, 74 A.3d 1034 (Pa. Super. 2013).

[4]  This Court may affirm the lower court's decision if it is correct on any ground. *Commonwealth v. Turner*, 73 A.3d 1283, 1286 n.5 (Pa. Super. 2013), *appeal denied*, 91 A.3d 162 (Pa. 2014) (citation omitted).

Accordingly, in reviewing the sufficiency of the evidence regarding the determination of SVP status, we will reverse the trial court only if the Commonwealth has not presented clear and convincing evidence sufficient to enable the trial court to determine that each element required by the statute has been satisfied. In most cases, we will determine whether the record supports the findings of fact made by the trial court and then review the legal conclusions made from them. However, in cases...where the trial court has stated its legal conclusions but has not provided specific findings of fact, we will review the entire record of the post-conviction SVP hearing as our scope of review is plenary. Therefore, if it appears based on all of the evidence viewed in a light most favorable to the Commonwealth that an SVP classification can not be made out in a clear and convincing manner, then we will be obligated to reverse the SVP designation.

*Commonwealth v. Moody*, 843 A.2d 402, 408 (Pa. Super. 2004) (citation and quotation marks omitted). Clear and convincing evidence means that:

witnesses must be found to be credible, that the facts to which they testify are distinctly remembered and the details thereof narrated exactly and in due order, and that their testimony is so clear, direct, weighty, and convincing as to enable the [finder of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.

*Id*. (citation and quotations marks omitted).

Here, it is undisputed that the crimes to which Appellant pled guilty, involuntary deviate sexual intercourse and indecent assault, qualified as sexually violent offenses under the law as it existed. Moreover, at Appellant's SVP hearing, both the Commonwealth's and Appellant's expert testified that Appellant suffers from the mental abnormality or personality disorder of Pedophilia. N.T., SVP Hearing, 8/17/04, at 13, 45. Dr. Thomas

F. Haworth, the Commonwealth's expert, testified to a reasonable degree of psychological certainty that Appellant's dedication of time and his pattern of grooming multiple victims made it likely that he would engage in sexually violent offenses. *Id*. at 13-16. Additionally, at his guilty plea colloquy, Appellant stipulated to the facts as set forth in the affidavit of probable cause. N.T., Guilty Plea, 1/20/04, at 16. The affidavit reveals that Appellant engaged in separate but similar courses of conduct with three males when they were approximately seven to eight years old.[5] The assaults occurred over a period of time at Appellant's residence. Affidavit of Probable Cause, 4/28/03, at 1. Appellant would rub the boys' bodies and eventually began placing his hands inside the boys' pants. *Id*. Two of the boys stated that Appellant would remove their clothing and then his own and rub his penis between their legs. *Id*. Appellant also applied a lubricant and attempted anal penetration and engaged in oral intercourse with one of the victims. *Id*. Appellant admitted that he had fondled two of the boys and rubbed his penis between their legs, and he further admitted sexually assaulting the third child including engaging in oral intercourse. *Id*. at 2. Because the record reveals that there was clear and convincing evidence[6] to support

---

[5] One of the victims could not recall exactly how old he was when the sexual abuse began. Affidavit of Probable Cause, 4/28/03, at 1.

[6] At an SVP hearing, the Commonwealth bears the burden of proving by clear and convincing evidence that the defendant meets the criteria to be designated an SVP. *Stephens*, 74 A.3d at 1039.

Appellant's designation as an SVP, he has failed to prove that, but for counsel's failure to preserve said challenge, there is a reasonable probability that the result of the proceeding would have been different. *Reed*, 42 A.3d at 319.

Therefore, while Appellant has presented a challenge that is cognizable under the PCRA, we conclude that Appellant suffered no prejudice and, therefore, is entitled to no relief. Accordingly, we affirm the order.

Order affirmed.

Judge Bowes joins the Memorandum.

P.J.E. Ford Elliott Concurs in the Result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/2015