J-S05038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEVIN THOMAS COOPER, | |
| Appellant | No. 483 MDA 2016 |

Appeal from the Judgment of Sentence February 23, 2016
in the Court of Common Pleas of Cumberland County
Criminal Division at No.: CP-21-CR-0001463-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED APRIL 13, 2017**

Appellant, Devin Thomas Cooper, appeals from the judgment of sentence imposed on February 23, 2016, following his jury conviction of one count each of sexual assault, criminal trespass,[1] false imprisonment, and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We recognize that in **Leach v. Commonwealth**, 141 A.3d 426, 435 (Pa. 2016), our Supreme Court concluded that Act 192 of 2014, which included, *inter alia*, amendments to 18 Pa.C.S.A. § 3503(b.1)(1)(iv) and § 3503(b.1)(2), (criminal trespass to steal defined secondary metals), violated the single-subject rule of Article III, Section 3 of the Pennsylvania Constitution.  Accordingly, the High Court declared Act 192 void in its entirety.  **See id.**  However, the holding in **Leach** does not affect this case because Appellant was not convicted of trespass to steal secondary metals. Rather, he was convicted and sentenced under subsection 3503(a)(1)(i) (surreptitious entry or remaining in building or occupied structure).

simple assault.[2]  On appeal, Appellant challenges the sufficiency of the evidence and the trial court's denial of his motion *in limine* to exclude evidence of prior bad acts.  For the reasons discussed below, we affirm the judgment of sentence.

We take the underlying facts and procedural history in this matter from the trial court's July 15, 2016 opinion and our independent review of the reproduced record.

> The events relevant to this case occurred on the morning of May 27, 2015, when [the victim] was attacked in her apartment.  [The victim] and [Appellant] previously were involved in a romantic relationship over the course of two years and have a daughter together.  At approximately [eight] in the morning, while [the victim] was preparing for work, the power to her apartment shut off.  After the power went out, [the victim] looked out her window and noticed a truck that she believed belonged to her landlord in the apartment complex parking lot. Just outside of the front door to [the victim's] apartment is the electrical utility room for the apartment complex.  Neither the external door leading into the complex nor the door to the electrical utility room were customarily kept locked.  While she was looking out of the window to her apartment, [the victim] heard a knock on her door.  Believing her landlord might have been working on electrical repairs, [the victim] walked to her front door and twisted the doorknob to unlock it.  Upon opening the door enough to look out, [the victim] saw that [Appellant] was in the hallway.  Though she tried to close the door, [Appellant] forced his way into her apartment.  Once inside the apartment, [Appellant] grabbed [the victim] by the arms.  [The victim] broke away and retreated to her bedroom to obtain her phone in order to call for help.  [Appellant] pursued her and a struggle broke out over the phone.  During this struggle, [Appellant] grabbed [the victim] and placed his hands over her

_____

[2]  18  Pa.C.S.A.  §§  3124.1,  3503(a)(1)(i),  2903(a),  and  2701(a)(1), respectively.

mouth and throat, making it difficult for her to breath[e]. He eventually pushed her face-down onto the floor and sat on her back, alternatively reading texts on her phone and suffocating her by placing his hands over her mouth and nose when he read a text that angered him. Eventually [Appellant] got up off of [the victim] and allowed her to get up. Around this time [the victim's] phone was ringing as her manager and co-worker were calling her because she was late for her work shifted [sic] which started at 9:45 a.m.

[Appellant] remained in the apartment after allowing [the victim] to get up off of the floor[,] claiming he wanted to see his daughter. At this time, [the victim] went into the living room to change her pants, as the pants she was wearing were covered in dog hair from being on the floor. [Appellant] followed her into the living room, pushed [the victim] onto the couch, and proceeded to pull down her underwear and pants while also undoing his own pants. [Appellant] then proceeded to have sexual intercourse with [the victim], despite her verbal protestations. When he was finished, [Appellant] went into the daughter's room and changed her diaper while [the victim] finished getting dressed. At this point [Appellant] allowed [the victim] and their daughter to leave and walked outside with them to [the victim's] car. [The victim] got into her car, called 911, and started driving to her aunt's house. During the call she spoke with Officer [Richard] Grove who told her to go to the Carlisle Hospital. At the hospital [the victim] met Officer Grove and submitted herself to a rape kit examination, which included a vaginal swab and photographs of any bruising or markings on [her] body. [The victim] had markings and bruises on her arms, chest, and face.

Later that evening [the victim] went to the police station and filed a written report on the incident. At the urging of Officer Grove, [the victim] called [Appellant] from the police station and allowed the call to be recorded. [Appellant] was subsequently arrested and charged with the above captioned offenses.

At trial, [the victim] testified that, over the course of their previous relationship, [Appellant] had physically assaulted and threatened her. Specifically, she briefly testified that he tackled her to the ground when she was six months pregnant and, at a different time, attempted to put her hands in a ceiling fan.

- 3 -

Partially as a result of these prior actions, [the victim] took the [Appellant's] threats seriously.

(Trial Court Opinion, 7/15/16, at 2-5) (footnote omitted).

On August 21, 2015, the Commonwealth filed a criminal information charging Appellant with two counts of rape,[3] and one count each of burglary,[4] sexual assault, criminal trespass, terroristic threats,[5] false imprisonment, and simple assault. (**See** Information, 8/21/15, at unnumbered pages 1-2). Immediately prior to the start of trial, on October 26, 2015, Appellant moved to exclude all evidence of prior violent episodes during his relationship with the victim. (**See** N.T. Trial, 10/26/15, at 3-4). After hearing argument, the trial court denied the motion. (**See id.** at 4-5).

A jury trial took place on October 26, 27, and 28, 2015. The jury acquitted Appellant of rape, burglary, and terroristic threats, but found him guilty of sexual assault, criminal trespass, false imprisonment, and simple assault. On February 23, 2016, the trial court sentenced Appellant to an aggregate term of incarceration of not less than three and one-half nor more than seven years, to be followed by a two-year term of probation.

The instant, timely appeal followed. On March 28, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on

_____

[3] 18 Pa.C.S.A. §§ 3121(a)(1) and (a)(2).

[4] 18 Pa.C.S.A. § 3502(a)(1).

[5] 18 Pa.C.S.A. § 2706(a)(1).

- 4 -

appeal. **See** Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on April 15, 2016. **See id.** On July 15, 2016, the trial court filed an opinion. **See** Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review:

I.   Did the court err when it admitted [the victim's] testimony about a prior bad act [Appellant] committed during their relationship?

II.  Was the evidence insufficient to support a conviction of sexual assault?

III. Was the evidence insufficient to support a conviction of simple assault?

IV.  Was the evidence insufficient to support a conviction for false imprisonment?

V.   Was the evidence insufficient to support a conviction for criminal trespass?

(Appellant's Brief, at 5) (unnecessary capitalization omitted).

In his first issue, Appellant maintains that the trial court erred in denying his motion *in limine* to preclude evidence of Appellant's prior use of force against the victim. (**See id.** at 9-12). Specifically, Appellant claims it was prejudicial error to admit the testimony because it allowed a jury to draw an improper inference that Appellant had a propensity towards violence against the victim. (**See id.** at 11-12). We disagree.

Our standard of review concerning the grant or denial of a motion *in limine* is well settled.

When reviewing a trial court's denial of a motion in limine, this Court applies an evidentiary abuse of discretion standard of

- 5 -

review. An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

This Court has stated the well-established standard of review for admission of evidence claims as follows: [I]n reviewing a challenge to the admissibility of evidence, we will only reverse a ruling by the trial court upon a showing that it abused its discretion or committed an error of law. . . . To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

*Commonwealth v. Schley*, 136 A.3d 511, 514-15 (Pa. Super. 2016) (citations and quotation marks omitted).

Further, evidence is relevant: "(a) if it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.E. 401. "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact." *Commonwealth v. Loughnane*, 128 A.3d 806, 818 (Pa. Super. 2015), *appeal granted in part*, 2016 WL 5819328 (Pa. 2016) (citation omitted). This Court has stated:

Relevant evidence may nevertheless be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Because all relevant Commonwealth evidence is meant to prejudice a defendant, exclusion is limited to evidence so prejudicial that it would inflame the jury to make a decision based upon something other than the legal propositions relevant to the case. As this Court has noted, a trial court is not required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts form part of the history and natural development of the events and offenses with which [a] defendant is charged.

*Commonwealth v. Broaster*, 863 A.2d 588, 592 (Pa. Super. 2004), *appeal denied*, 876 A.2d 392 (Pa. 2005) (quotation marks, footnote, and citations omitted).

Here, Appellant argues that the trial court improperly admitted evidence under Pennsylvania Rule of Evidence 404, which provides in pertinent part:

**(b) Crimes, Wrongs or Other Acts.**

*(1) Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

*(2) Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b)(1)-(2).

In the instant matter, the relevant testimony was as follows:

[The Commonwealth]: I want to talk now about how your relationship ended. Had there been prior threats by [Appellant] or acts of violence against you close in time to this incident, I guess?

[The Victim]:    There have been.    When I was six months pregnant, [Appellant] pushed me flat on the ground almost like football tackling me to the ground.  When I was pregnant[,] he also tried to put my hands in a ceiling fan.

[The Commonwealth]:    When you were pregnant[,] that happened?

[The Victim]:  Correct.

[The Commonwealth]:  Did you take him seriously when this was happening?

[The Victim]:  Yes.

(N.T. Trial, 10/26/15, at 37).  The Commonwealth explained that it offered the evidence to explain intent, why the victim did not wish to allow Appellant into her apartment, why she did not wish to have sexual intercourse with him, and the basis of her fear of Appellant.  (**See id.** at 4-5).

We have reviewed the evidence in question and conclude that the trial court did not abuse its discretion in admitting it.  The evidence was clearly probative because it explained why the victim was afraid of Appellant and did not want him in her apartment, and her conduct of attempting to placate Appellant during the incident.  **See Commonwealth v. Ivy**, 146 A.3d 241, 252 (Pa. Super. 2016) (reversing trial court decision excluding admission of protection from abuse order obtained by victim against appellant and noting that evidence of prior abuse between appellant and victim is generally admissible); **Commonwealth v. Jackson**, 900 A.2d 936, 940 (Pa. Super. 2006), (holding that history of prior domestic violence between appellant

and murder victim was admissible as part of sequence of events which formed history of case as well as to show motive, malice, intent and ill-will towards victim).

Moreover, even if we were to find error, Appellant has not shown that he was prejudiced. Our Supreme Court has stated:

> An error will be deemed harmless where the appellate court concludes beyond a reasonable doubt that the error could not have contributed to the verdict. If there is a reasonable possibility that the error may have contributed to the verdict, it is not harmless. In reaching that conclusion, the reviewing court will find an error harmless where the uncontradicted evidence of guilt is overwhelming, so that by comparison the error is insignificant. . . .

***Commonwealth v. Mitchell***, 839 A.2d 202, 214-15 (Pa. 2003) (citation omitted).

Here, as noted above, the evidence regarding the prior incidents of domestic violence was a brief mention of two incidents in response to the Commonwealth's question. (***See*** N.T. Trial, 10/26/15, at 37). Appellant has failed to show any evidence that these brief statements unduly prejudiced the jury, who acquitted Appellant of the most serious charges. Given this, the prejudice arising from a brief mention of two prior incidents of domestic violence was *de minimis*. ***See Commonwealth v. Passmore***, 857 A.2d 697, 711 (Pa. Super. 2004), *appeal denied*, 868 A.2d 1199 (Pa. 2005) (error is harmless when "the prejudice was *de minimis*[.]") (citation omitted). Because the evidence was both relevant and not unduly prejudicial, the trial court did not err in denying Appellant's motion *in limine*. ***See Schley***,

*supra* at 514-15; ***Broaster***, ***supra*** at 592.  Appellant's first claim lacks merit.

In his remaining four claims, Appellant challenges the sufficiency of the evidence underlying his conviction.  (***See*** Appellant's Brief, at 13-17). However, Appellant waived these claims.

> Pennsylvania Rule of Appellate Procedure 1925(b) provides, inter alia, "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P.1925(b)(4)(vii).  In ***Commonwealth v. Garland***, 63 A.3d 339 (Pa. Super. 2013), this Court found the appellant had waived his sufficiency of the evidence claim where his 1925(b) statement simply averred the evidence was legally insufficient to support the convictions and in doing so reasoned:
>
>> In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient.  "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt."  Here, as is evident, [the a]ppellant . . . failed to specify which elements he was challenging in his Rule 1925(b) statement. . . . Thus, we find [his] sufficiency claim waived on this basis.
>
> ***Id.*** at 344 (citations omitted).

***In the Interest of J.G.***, 145 A.3d 1179, 1189 (Pa. Super. 2016).

In this case, Appellant's Rule 1925(b) statement merely states, "[t]he Commonwealth failed to introduce sufficient evidence to convict [Appellant] beyond a reasonable doubt of the above-captioned offenses."  (***See***

Appellant's Rule 1925(b) Statement, 11/15/16, at 1). Appellant's statement of the questions involved is equally vague. (**See** Appellant's Brief, at 5). Appellant does not list the elements of the crime, state which element he is challenging, or explain why he believes the evidence was insufficient. Accordingly, we deem Appellant's issue waived. **See J.G.**, **supra** at 1189.

Moreover, even if we were to address the merits of Appellant's sufficiency claim, it would fail. Our standard of review for sufficiency of the evidence claims is well settled:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, **when viewed in a light most favorable to the Commonwealth as verdict winner**, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

**Commonwealth v. Tarrach**, 42 A.3d 342, 345 (Pa. Super. 2012) (citation omitted) (emphasis added).

Appellant challenges the sufficiency of the evidence with respect to his conviction for sexual assault, criminal trespass, false imprisonment, and simple assault. Initially, we note that Appellant's argument disregards our

standard of review, which requires that we view the evidence in a light most favorable to the Commonwealth as verdict winner, because Appellant only discusses the evidence in the light most favorable to him, and ignores any unfavorable testimony by the victim. (**See** Appellant's Brief, at 13-17). Further, Appellant overlooks the fact that this Court does not re-weigh the evidence nor do we engage in credibility determinations. (**See id.**).

The crime of sexual assault occurs when a "person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S.A. § 3124.1. An individual commits simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S.A. § 2701(a)(1). The phrase, "[b]odily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301. An individual commits the crime of false imprisonment if he "knowingly restrains another unlawfully so as to interfere substantially with his liberty." 18 Pa.C.S.A. § 2903(a). False imprisonment "covers restraints which are less serious than those necessary for the offenses of kidnapping and unlawful restraint." **In the Interest of M.G.**, 916 A.2d 1179, 1181-82 (Pa. Super. 2007) (footnotes and citations omitted). Rather it concerns instances "where an individual's liberty is interfered with in an ample or considerable manner." **Id.** (citation omitted). Lastly, an appellant is guilty of criminal trespass where he "enters, gains entry by subterfuge or surreptitiously remains in any building

or occupied structure or separately secured or occupied portion[.]" 18 Pa.C.S.A. § 3503(a)(1)(i). An occupied structure is "[a]ny structure, vehicle or place adapted for overnight accommodations of persons, or for carrying on business therein, whether or not a person is actually present." 18 Pa.C.S.A. § 3501.

Here, the evidence at trial, as discussed above, clearly demonstrated that Appellant, who was not on the lease and did not have a key to the victim's apartment, force his way in without her permission. He grabbed the victim by the arms, causing bruises. When the victim attempted to get away from him to call for help, he grabbed her phone and struggled with her. During the struggle, he forcibly held his hands over her mouth and throat, making breathing difficult. He pushed her face down onto the floor and sat on her back, holding her in place, and alternately choking her and reading texts from her phone. When he let go of the victim, he followed her into her living room, pushed her onto the couch, pulled down her pants and underwear and had sexual intercourse with her over her repeated objections. He ultimately allowed the victim to leave her apartment. The victim had visible bruises on her arms, chest, face, and neck for at least a week, and complained of soreness. (**See generally**, N.T. Trial, 10/26/15, at 11-56; **see also** Trial Ct. Op., at unnumbered pages 2-5).

This evidence was clearly sufficient to sustain Appellant's convictions. **See Commonwealth v. Benito**, 133 A.3d 333, 336 (Pa. Super. 2016),

*appeal denied*, 141 A.3d 477 (Pa. 2016) (holding evidence sufficient to sustain conviction for criminal trespass where estranged husband, whose name was not on lease and did not have key to apartment, forced himself in without wife's permission); ***M.G.***, ***supra*** at 1182 (holding evidence sufficient to sustain conviction for false imprisonment where defendant was in area he was not permitted to be, stood between victim and door and locked door); ***Commonwealth v. Emler***, 903 A.2d 1273, 1277-78 (Pa. Super. 2006) (holding evidence sufficient to sustain conviction for simple assault where defendant pinned victim to ground and vigorously choked him, causing soreness to neck and shoulders); ***Commonwealth v. Castelhun***, 889 A.2d 1228, 1232 (Pa. Super. 2005) ("[T]he uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses.") (citations omitted); ***Commonwealth v. Davis***, 650 A.2d 452, 455 (Pa. Super. 1994), *affirmed*, 674 A.2d 214 (Pa. 1996) (victim's uncorroborated testimony if believed by trier of fact is sufficient to support conviction even if defense presents countervailing evidence).

Moreover, Appellant's claim is, in essence, a contention that the jury should have credited his testimony that the victim invited him over and they had consensual sex. (**See** Appellant's Brief, at 13-17). However, such an argument goes to the weight of the evidence, not the sufficiency of the evidence. ***See Commonwealth v. W.H.M., Jr.***, 932 A.2d 155, 160 (Pa. Super. 2007) (claim that jury should have believed appellant's version of

event rather than that of victim goes to weight, not sufficiency of evidence);

*Commonwealth v. Wilson*, 825 A.2d 710, 713-14 (Pa. Super. 2003) (review of sufficiency of evidence does not include assessment of credibility of testimony; such claim goes to weight of evidence); *Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa. Super. 1997) (credibility determinations are made by finder of fact and challenges to those determinations go to weight, not sufficiency of evidence). Accordingly, even if it had been properly preserved, Appellant's sufficiency of the evidence claim lacks merit.

Appellant's issues are either waived or lack merit. Thus, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2017