J-S27022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRELL PARRISH | : | |
| | : | |
| Appellant | : | No. 2034 EDA 2017 |

Appeal from the Judgment of Sentence May 26, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010919-2010

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 12, 2018**

Terrell Parrish appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after his conviction for possession with intent to deliver a controlled substance[1] ("PWID") and one count of possession of an instrument of crime[2] ("PIC").  After review, we affirm.

On April 28, 2011, a jury convicted Parrish of three counts of PWID and one count of PIC.[3]  The same day, following a bench trial, the trial court found

---

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S.A. § 907.

[3] Parrish's PIC conviction was for a submachine gun found in his armoire.

Parrish guilty of violating the Uniform Firearms Act.[4]  On June 10, 2011, the

trial court sentenced Parrish to an aggregate term of 15 to 30 years'

incarceration for all charges.  Parrish timely filed a notice of appeal on June

21, 2011.  On September 13, 2013, this Court affirmed Parrish's judgment of

sentence.  ***Commonwealth v. Parrish***, 1630 EDA 2011 (Pa. Super. filed

September 13, 2013).  Parrish did not file a petition for allowance of appeal

with our Supreme Court.

On March 10, 2014, Parrish filed a Post Conviction Relief Act ("PCRA")[5]

petition challenging the constitutionality of his sentence pursuant to ***Alleyne***

***v. United States***, 570 U.S. 99 (2013).  The PCRA court granted Parrish relief,

and remanded his case for resentencing.  On remand, however, the trial court

concluded that because Parrish was a repeat drug offender, it could sentence

him to up to 30 years in prison for PWID.[6]  Accordingly, on May 26, 2017, the

_____

[4] 18 Pa.C.S.A. § 6105.

[5] 42 Pa.C.S.A. §§ 9541-9546.

[6] The repeat drug offender enhancement statute provides as follows:

> (a) ***Any person convicted of a second or subsequent offense under clause (30) of subsection (a) of section 13 of this act[] or of a similar offense under any statute of the United States or of any state may be imprisoned for a term up to twice the term otherwise authorized***, fined an amount up to twice that otherwise authorized, or both.
>
> (b) For purposes of this section, an offense is considered a second or subsequent offense, if, prior to the commission of the second

trial court resentenced him to an aggregate term of 10 to 20 years' incarceration.[7]

On June 2, 2017, Parrish filed a *pro se* motion for modification of sentence. Parrish filed a subsequent counseled motion for reconsideration of sentence on June 15, 2017. On October 6, 2017, the trial court denied Parrish's motion, and he timely appealed. Both Parrish and the trial court have complied with Pa.R.A.P. 1925. On appeal, Parrish raises the following issue for our review: "Was the sentence imposed upon [Parrish] illegal?" Brief of Appellant, at 3.

Parrish argues that the maximum term of incarceration for PWID is only 15 years and the trial court failed to cite any sentence enhancement statute on the record; thus, he avers, his sentence of 10 to 20 years is facially unlawful. The Commonwealth argues Parrish's claim is not, in fact, a challenge to the legality of his sentence. We agree.

_____

> offense, the offender has at any time been convicted under clause (30) of subsection (a) of section 13 of this act or of a similar offense under any statute of the United States or of any state relating to controlled substances.

35 P.S. § 780-115(a) and (b) (emphasis added). The maximum sentence for PWID is 7½ to 15 years. 35 P.S. § 780-113(a). Therefore, pursuant to 35 P.S. § 780-115(a), trial court could sentence Parrish for PWID to a maximum sentence of 15 to 30 years' incarceration.

[7] The trial court sentenced Parrish as follows: 6 to 24 months' incarceration for PWID, a concurrent term of 2½ to 5 years' incarceration for PWID, a concurrent term of 10 to 20 years' incarceration for PWID, a concurrent term of 5 to 10 years' incarceration for possession of a firearm by a prohibited person, and a concurrent term of 5 to 10 years' incarceration for PIC.

When a sentencing issue "centers upon a court's statutory authority" to impose a sentence, rather than the "court's exercise of discretion in fashioning" the sentence, the issue raised implicates the legality of the sentence imposed. *In re M.W.*, 725 A.2d 729, 731 (Pa. 1999). Generally, "[c]laims concerning the illegality of the sentence are not waivable." *Commonwealth v. Kepner*, 34 A.3d 162, 166 (Pa. Super. 2011) (citation and brackets omitted). However, claims challenging the legality of a sentence are distinct from claims challenging the discretionary aspects of sentence. Unlike challenges to the legality of a sentence, a defendant must raise a discretionary aspect of sentence claim in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings; absent such efforts, an objection to a discretionary aspect of a sentence is waived. *Commonwealth v. Shugars*, 895 A.2d 1270, 1274-75 (Pa. Super. 2006). The utilization of a sentencing enhancement (e.g., the repeat drug offender enhancement) concerns the trial court's application of the sentencing guidelines, and, therefore, implicates the discretionary aspects of a defendant's sentence. *See Commonwealth v. Bowen*, 612 A.2d 512, 514 n.3 (Pa. Super. 1992). Likewise, a challenge that the court inadequately stated the reason or reasons it imposed a sentence is a challenge to the discretionary aspects of the sentence. *Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014) ("In every case in which the court imposes a sentence for a felony or a misdemeanor, the court shall make as part of the

record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.").

Parrish's argument that the trial court failed to make an adequate record for applying the repeat drug offender enhancement therefore actually constitutes a challenge to the discretionary aspects of his sentence, not its legality. *See Commonwealth v. Schutzues*, 54 A.3d 86, 91 (Pa. Super. 2012) (defendant's claim that trial court failed to make proper statutory findings prior to imposing sentence implicated discretionary aspects of sentence, and was not challenge to legality of sentence presenting nonwaivable jurisdictional issue). Accordingly, we will proceed with review of Parrish's claim as a challenge to the discretionary aspects of his sentence.

Our standard of review of a challenge to the discretionary aspects of sentence is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Id.*, quoting *Commonwealth v. Robinson*, 931 A.2d 15, 26 (Pa. Super. 2007).

Before reaching the merits of Parrish's discretionary aspects of sentence claim, we must determine whether this Court has jurisdiction in this case.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal[;] (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence[;] (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citations omitted). An appellant must satisfy all four requirements. *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013).

Parrish filed a timely notice of appeal and preserved his issue in a motion for reconsideration of sentence. However, Parrish did not raise an issue challenging the discretionary aspects of his sentence in his Rule 1925(b) statement. *See Commonwealth v. Jackson*, 900 A.2d 936, 939 (Pa. Super. 2006) (defendant's claims challenging discretionary aspects of sentence were waived on appeal because they were not raised in initial, timely Pa.R.A.P. 1925(b) statement). Moreover, Parrish does not include in his brief a Rule 2119(f) statement. "A failure to include a Rule 2119(f) statement does not automatically waive an appellant's argument; however, we are precluded from reaching the merits of the claim when the Commonwealth lodges an objection

to the omission of the statement." ***Commonwealth v. Roser***, 914 A.2d 447, 457 (Pa. Super. 2006) (citation omitted). However, while the Commonwealth has objected to various procedural defects in Parrish's brief,[8] it has not objected to the omission of Parrish's 2119(f) statement. ***See Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa. Super. 2004) ("[W]hen the appellant has not included a Rule 2119(f) statement and the [Commonwealth] has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was no appropriate[.]"). Additionally, despite Parrish's procedural missteps and mischaracterization of his own issue, his Rule 1925(b) statement and brief have not fatally impeded our ability to discern what issue he asks us to reach on appeal. ***See Taylor v. Owens-Corning Fiberglas Corp.***, 666 A.2d 681, 688 (Pa. Super. 1995) ("It is within . . . within the appellate court's discretion to review the issue unless the failure to raise the issue in the [concise] statement hinders appellate review."). Therefore, we consider whether Parrish raised a substantial question justifying our review.

Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis. ***Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald

---

[8] The Commonwealth argues Parrish failed to raise this issue: (1) at trial or in a post-sentence motion; (2) in his statement of errors complained of on appeal; (3) or in his statement of questions presented. Brief of Appellee, at 7-8.

assertions of sentencing errors.  ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006).  An appellant must articulate the reasons the sentencing court's actions violated the Sentencing Code.  ***Id.***  A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process."  ***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179, 184 (Pa. Super. 2016) (citation omitted).

Parrish, as previously stated, claims the trial court failed to state on the record the statutory grounds for applying the relevant sentencing enhancement.  An allegation that a judge "failed to offer specific reasons for a sentence does raise a substantial question," as would permit this Court to review the discretionary aspects of a trial court's sentence.  ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1222 (Pa. Super. 2011) (bracket omitted), quoting ***Commonwealth v. McNabb***, 819 A.2d 54, 56-57 (Pa. Super. 2003).  Therefore, Parrish has raised a substantial question.

A review of the certified record belies Parrish's claim – the Honorable Sandy L.V. Byrd made an extensive record of his reasons for applying the repeat offender enhancement of the sentencing guidelines.  First, Judge Byrd noted Parrish's prior record score of five.  N.T. Sentencing, 5/26/17, at 9.  He then took notice of Parrish's criminal history, stating, "Bear in mind that I have a criminal history that shows [Parrish] arrested and convicted again, and again, and again for drug trafficking."  ***Id.*** at 15.  Judge Byrd then

incorporated into the record his remarks from Parrish's June 10, 2011 sentencing hearing, in which he informed Parrish that he had "considered all the factors [he was] obliged to consider," including "all the factors the legislature demand[s] I consider." *Id.* at 32. The remarks incorporated therein also included Judge Byrd's reference to the second or subsequent offense provision of the Health and Safety Code (i.e., the repeat drug offender sentencing enhancement statute).

Upon review, we conclude that the trial court considered the appropriate sentencing factors, namely Parrish's previous drug trafficking offenses, and placed adequate reasons on the record for its sentence. Therefore, Parrish's discretionary challenge fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/18