J-S64022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LEONARD H. COPES :
:
Appellant : No. 4015 EDA 2017

Appeal from the PCRA Order November 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010727-2010

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 11, 2018**

Appellant, Leonard H. Copes, appeals *pro se* from the order entered on November 20, 2017, dismissing his petition for relief filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.  We affirm.

On direct appeal, the trial court ably summarized the underlying facts of this case:

> On February 25, 2010, at approximately [9:00] p.m., Jakirah Cromwell was walking to a friend's house in South Philadelphia when she saw [Appellant], whom she had seen around the neighborhood, standing with another man whom she did not know.  [Appellant] asked her if she knew "the two boys who were walking down Taney." Ms. Cromwell told [Appellant] that she did not know whom he was talking about.  [Appellant] then told Ms. Cromwell not to walk down Taney Terrace.  When Ms. Cromwell asked him why not, [Appellant] responded "because I told you not to."  After Ms. Cromwell stated "[y]ou know where I'm going," [Appellant] told Ms. Cromwell to "[j]ust hurry up and go, I'm trying to help you out." . . .

As Ms. Cromwell started to walk down Taney Terrace, [she saw that Appellant] had a gun in his hand and the unidentified man with him had a gun on his hip. While Ms. Cromwell walked away, [Appellant] and the other man stayed on the corner of Jackson Street and Taney Terrace "looking around." While walking down Taney Terrace, Ms. Cromwell heard a gunshot and ducked behind a car. She saw one person running and another person fall to the ground. She then saw "flashes" from a gun as [Appellant] and the unidentified man ran past the car behind which she was hiding, and saw the man with [Appellant] fire another shot at the man who had already collapsed. She heard [Appellant] then say, "[c]ome on, what you doing, he already fell." Ms. Cromwell got up and ran to her aunt's house.

Sean Griffith and Khalil Thorpe had been walking from Mr. Griffith's grandfather's home toward the home of Chanae Floyd, Mr. Griffith's girlfriend. As they neared her house, reaching the intersection of Point Breeze and Taney Terrace, Mr. Griffith heard someone begin firing shots at them from behind. Mr. Griffith turned around and saw [Appellant] holding a gun and shooting at him and Mr. Thorpe. Mr. Griffith managed to run away without being shot, despite hearing eight shots fired in his and Mr. Thorpe's direction. After he got several blocks away and saw that Mr. Thorpe was not with him, Mr. Griffith called Ms. Floyd and asked her to look outside her house to see if she could see Mr. Thorpe. Ms. Floyd ran outside and saw Mr. Thorpe lying in the street. She called an ambulance and stayed with Mr. Thorpe until police arrived.

When police arrived, there were no signs of life from Mr. Thorpe. He was transported to the University of Pennsylvania Hospital, where he was pronounced dead at 9:40 p.m. He had one gunshot wound to the abdomen, one to the chest, and one to the arm.

Ms. Floyd was interviewed by homicide detectives and informed them of Mr. Griffith's phone call and the fact that he had been with Mr. Thorpe when he was shot. Detectives then interviewed Mr. Griffith, who at first denied seeing who shot at himself and Mr. Thorpe, claiming that the shooter was covering his face with his arm. During his second interview, Mr. Griffith told detectives that it was [Appellant], whom he

had known for years, who had shot at him and killed Mr. Thorpe. He positively identified [Appellant] from a photo array. Jakirah Cromwell also gave a statement to police, in which she described what she had seen and heard, and identified [Appellant] from a photo array.

Trial Court Opinion, 7/15/12, at 2-4 (internal citations omitted).

The jury found Appellant guilty of first-degree murder, possessing an instrument of a crime, and attempted murder.[1] On December 15, 2011, the trial court sentenced Appellant to serve a mandatory term of life in prison without the possibility of parole. We affirmed Appellant's judgment of sentence on August 2, 2013 and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 31, 2013. *Commonwealth v. Copes*, 83 A.3d 1055 (Pa. Super. 2013) (unpublished memorandum) at 1-22, *appeal denied*, 83 A.3d 413 (Pa. 2013).

Appellant filed the current, *pro se* PCRA petition on April 11, 2014. Within this petition, Appellant claimed that his trial counsel was ineffective for: 1) denying Appellant his right to face his accuser; 2) failing to conduct a proper pre-trial investigation; 3) failing to call certain alibi witnesses; 4) failing to request a cautionary jury instruction regarding identification testimony; and, 5) failing to object when the Commonwealth failed to correct the record. *See* Appellant's *Pro Se* PCRA Petition, 4/11/14, at "Exhibit 1."

---

[1] 18 Pa.C.S.A. §§ 2502(a), 907(a), and 901(a), respectively.

Appellant then filed three successive *pro se* amendments to his petition. Although some of Appellant's writing is difficult to understand, we discern the following claims from the three amendments:

1) The evidence was insufficient to support his convictions because:

A) eyewitness Sean Griffith did not take the stand; and,

B) the Commonwealth improperly used preliminary hearing transcripts against Appellant, in violation of Appellant's right to confront his accuser.[2]

2) The trial court erred when it:

A) refused to suppress witness Sean Griffith's identification, as the identification was not credible;[3]

B) failed to properly instruct the jury that:

i) the jury should consider whether the witness knew or had contact with the defendant before the event;

ii) the jury must "judge whether the witness was under stress, whether the witness gave a description, and how that description compares to the defendant;"

iii) the jury must consider "how much time passed between the event and the identification;" and,

iv) the jury must judge whether the witness ever changed his mind about the identification;[4]

---

[2] *See* Appellant's First Amended *Pro Se* PCRA Petition, 6/26/14, at "Exhibit 2."

[3] *See id.*

[4] *See id.* at "Exhibit 5."

C) permitted the jury to review trial testimony during its deliberation.[5]

3) "Violation of extrinsic evidence":

A) the statements that witnesses Jakirah Cromwell and Sean Griffith made to the police were coerced.[6]

4) Ineffective assistance of counsel claims:

A) the Commonwealth failed to produce impeachment evidence and counsel was ineffective for failing to obtain impeachment evidence on Sean Griffith;

B) direct appeal counsel failed to argue that the Commonwealth did not prove that Appellant possessed the specific intent to kill;

C) trial counsel failed to remind the trial court to repeat a curative instruction to the jury;

D) trial counsel failed to raise a weight of the evidence claim in Appellant's post-sentence motion;[7] and,

E) trial counsel was ineffective for failing to interview Sean Griffith, who recanted his prior identification of Appellant as the shooter.[8]

The PCRA court appointed counsel to represent Appellant during the proceedings. *See* Entry of Appearance, 11/4/14, at 1. However, appointed counsel later filed a no-merit letter and a request to withdraw as counsel, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and

---

[5] **See** Appellant's Second Amended *Pro Se* PCRA Petition, 9/8/14, at 3.

[6] **See** Appellant's First Amended *Pro Se* PCRA Petition, 6/26/14, at "Exhibit 2."

[7] **See id.** at "Exhibit 3."

[8] **See** Appellant's Third Amended *Pro Se* PCRA Petition, 12/17/14, at "Exhibit 9."

*Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). **See** Counsel's First No-Merit Letter and Petition to Withdraw, 7/28/16, at 1-13; Counsel's Second No-Merit Letter and Petition to Withdraw, 12/2/16, at 1-9; Counsel's Third No-Merit Letter and Petition to Withdraw, 3/3/17, at 1-6; Counsel's Fourth No-Merit Letter and Petition to Withdraw, 11/9/17, at 1-5.

On April 28, 2017, the PCRA court notified Appellant that it intended to dismiss the PCRA petition in 20 days, without holding a hearing. PCRA Court Order, 4/28/17, at 1; Pa.R.Crim.P. 907(1). Appellant filed a *pro se* response to the PCRA court's Rule 907 notice; however, Appellant did not include any additional claims in his response. **See** Appellant's *Pro Se* Response to Rule 907 Notice, 5/4/17, at 1.

The PCRA court finally dismissed Appellant's PCRA petition on November 20, 2017 and, in that same order, the PCRA court granted counsel's petition to withdraw. PCRA Court Order, 11/20/17, at 1. After Appellant filed a timely notice of appeal, the PCRA court ordered Appellant to file and serve a concise statement of errors complained of on appeal in 21 days, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). PCRA Court Order, 12/13/17, at 1. Appellant filed his initial Rule 1925(b) statement on January 2, 2018. He raised one claim in this statement:

> The PCRA court had committed error when the court denied [Appellant's] PCRA without hearing when the claim presented possess merit.

Appellant's Rule 1925(b) Statement, 1/2/18, at 1.

On March 22, 2018 – or, over one-and-a-half months later – Appellant filed a "Motion to Supplement Issues to be Asserted on Appeal." ***See*** Appellant's Motion to Supplement Rule 1925(b) Statement, 3/22/18, at 1-3. Within the motion, Appellant raised a number of additional claims he wished to raise on appeal. ***See id.*** However, the PCRA court did not issue any order in response to Appellant's motion.

On appeal, Appellant raises a number of claims. Nevertheless, all of Appellant's claims on appeal are waived, as Appellant's initial Rule 1925(b) statement was too vague to allow the PCRA court to identify the issues raised on appeal and the PCRA court did not grant Appellant's untimely Motion to Supplement Issues to be Asserted on Appeal. ***See*** PCRA Court Opinion, 3/20/18, at 5 (concluding Appellant's claim that the PCRA court erred when it "denied [the] PCRA [petition] without [a] hearing when the claim presented possess[ed] merit" was waived, as the PCRA court had to "guess" at Appellant's precise claim); ***see also Commonwealth v. Dowling***, 778 A.2d 683, 686-687 (Pa. Super. 2001) ("a concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all") (internal capitalization omitted); ***Commonwealth v. Jackson***, 900 A.2d 936, 939 (Pa. Super. 2006) ("in ***Commonwealth v. Castillo***, 888 A.2d 775 (Pa. 2005), the Supreme Court reaffirmed the bright-line rule established in ***Commonwealth v. Lord***, 719 A.2d 306 (Pa. 1998), which requires waiver whenever an appellant fails to raise an issue in a court-ordered [Rule] 1925(b) statement. In ***Castillo***, the

Supreme Court determined that issues which are raised in an untimely [Rule] 1925(b) statement will be deemed waived even if the trial court addresses the issues in its [Rule] 1925(a) opinion. . . . **Castillo's** prohibition against the filing of untimely [Rule] 1925(b) statements extends to the filing of untimely supplemental [Rule] 1925(b) statements without leave of court").[9]

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/18

_____

[9] We note that Pennsylvania Rule of Appellate Procedure 1925(c)(3) provides:

> If an appellant in a criminal case was ordered to file a [Rule 1925(b)] Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).

However, Rule 1925(c)(3) does not apply in this case because:  1) Appellant actually filed a timely Rule 1925(b) statement and 2) Appellant is *pro se*. **See Commonwealth v. Fletcher**, 986 A.2d 759, 773-774 (Pa. 2009) (holding that a *pro se* defendant cannot assert his own ineffectiveness).

- 8 -