J-S58040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN DANIELS | : | |
| | : | |
| Appellant | : | No. 818 WDA 2019 |

Appeal from the PCRA Order Entered May 24, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011757-2017

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED DECEMBER 19, 2019**

Appellant, Shawn Daniels, appeals *pro se* from the May 24, 2019 Order that dismissed his third Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Because Appellant's PCRA Petition was patently untimely and Appellant has failed to plead and prove an exception to the PCRA time bar, we affirm the PCRA court's dismissal.

On March 5, 2018, Appellant entered a negotiated guilty plea to Aggravated Indecent Assault of a Child and Indecent Assault of a Person Less Than 13 Years of Age.[1]  Appellant did not file a direct appeal.  Thus, his sentence became final on April 4, 2018.  ***See*** 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and

---

[1] 18 Pa.C.S §§ 3125(b) and 3126(a)(7).

the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); Pa.R.A.P. 902 (providing that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken.").

On April 16, 2019, Appellant filed the instant *pro se* PCRA Petition, his third, alleging ineffective assistance of plea counsel and the imposition of a sentence greater than the lawful maximum. PCRA Petition, 4/16/18, at 2.

On May 24, 2019, the PCRA court issued an Order dismissing Appellant's PCRA Petition without a hearing.[2]

Appellant filed a timely *pro se* Notice of Appeal. Appellant and the trial court both complied with Pa.R.A.P. 1925.[3]

Appellant raises the following issues for our review:

_____

[2] We acknowledge that the PCRA court did not give Appellant notice of intent to dismiss or afford Appellant the opportunity to amend the PCRA Petition prior to dismissing it. **See** Pa.R.Crim.P 907(a); Pa.R.Crim.P. 905(B). However, Appellant has not challenged these oversights on appeal and, thus, he has waived these potential issues. **See Commonwealth v. Taylor**, 65 A.3d 462 (Pa. Super. 2013) (holding that post-conviction movant waived appellate review of post-conviction court's failure to give movant notice of intent to dismiss or to afford movant opportunity to amend petition, by failing to challenge such failures on appeal).

[3] In response to the trial court's June 5, 2019 Order, Appellant filed a Rule 1925(b) Statement on June 14, 2019. On June 24, 2019, the PCRA court issued a Rule 1925(a) Opinion. On July 1, 2019, without leave from the PCRA court and after the PCRA court filed its Opinion, Appellant filed an untimely Amended Rule 1925(b) Statement. Because Appellant did not seek leave of the PCRA court to file his Amended Rule 1925(b) Statement, we conclude that the trial court acted properly in not considering this statement and we, likewise, decline to consider it. **See Commonwealth v. Jackson**, 900 A.2d 936, 939 (Pa. Super. 2006) (holding issues raised in an untimely supplemental Rule 1925(b) Statement that has been filed without leave of court are waived).

1. Did the [PCRA] court err by dismissing [Appellant]'s PCRA [Petition] without holding a hearing and without appointing counsel?

2. Was trial counsel ineffective for not filing a motion about [Appellant]'s Miranda rights?

3. Was trial counsel ineffective for not filing a Rule 600 motion on [Appellant]'s behalf?

4. Was trial counsel ineffective for intentionally intimidating and coercing defendant to take a plea bargain that he did not want to take?

5. Did the Commonwealth err by not bringing [Appellant] to trial before 180 days, Right to a Speedy Trial?

Appellant's Br. at 4.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

In order to obtain relief under the PCRA, a petition must be timely filed. *See* 42 Pa.C.S. § 9545 (providing jurisdictional requirements for the timely filing of a petition for post-conviction relief). A petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's Petition, filed several weeks after his Judgment of Sentence became final, is facially untimely.

- 3 -

Pennsylvania courts may consider an untimely PCRA petition, however, if an appellant pleads and proves one of the three exceptions set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2).

We note that even though a defendant cannot waive a legality of sentence issue, we do not have jurisdiction to review the legality of a sentence in a PCRA petition unless the petitioner can establish that the PCRA grants the court the authority to exercise jurisdiction over the legality of sentence issue. **Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007); **see** 42 Pa.C.S. § 9545(b); **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." (citation omitted)).

Instantly, Appellant fails to acknowledge the untimeliness of his PCRA petition or invoke any exception. In his PCRA Petition, Appellant argues that his plea counsel was ineffective for failing to file pre-trial motions, failing to investigate whether or not police gave Appellant his **Miranda** rights, and coercing and him into accepting a plea deal. Appellant also baldly asserts that his negotiated sentence was greater than the lawful maximum. PCRA Petition at 4, unpaginated 11.

A claim that plea counsel is ineffective is not an exception to the PCRA time-bar. **See Commonwealth v. Zeigler**, 148 A.3d 849, 853-54 (Pa.

Super. 2016) (finding that a claim of plea counsel's ineffectiveness does not satisfy an exception to the PCRA time bar). Likewise, Appellant's claim that his sentence was illegal fails to overcome the time bar. **See Jones**, **supra**; **Fahy**, **supra**.

In conclusion, Appellant has not pleaded and proved the applicability of any of the PCRA's timeliness exceptions and, therefore, we are without jurisdiction to consider the merits of this appeal. The PCRA court properly dismissed Appellant's Petition. The record supports the PCRA court's findings and its Order is free of legal error. We, thus, affirm the denial of PCRA relief.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2019

---

[4] Appellant's *pro se* "Application to Vacate Appellant's Sentence," filed on November 19, 2019, is denied.