J-A21030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FRANCISCO ELISAUL MORILLO | : | |
| | : | |
| Appellant | : | No. 65 EDA 2023 |

Appeal from the PCRA Order Entered December 2, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0001239-2020

BEFORE:  BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 17, 2023**

Appellant, Francisco Elisaul Morillo, appeals *pro se* from the December 2, 2022 order that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541-46.  He challenges the effectiveness of PCRA counsel's assistance.  After review, we affirm.

On June 23, 2021, Appellant entered a negotiated guilty plea to Possession With Intent to Deliver ("PWID") and Criminal Use of Communication Facility after he attempted to sell two kilograms of fentanyl to a confidential informant.  On the same day, he was sentenced to an aggregate term of 3½ to 8 years' incarceration.  Appellant did not file any post-sentence motions or a direct appeal.

On April 13, 2022, Appellant filed a *pro se* Motion for Reconsideration of RRR Incentive Act Eligibility.  The court considered this filing to be an initial PCRA petition, appointed Patrick J. McMenamin, Esq. ("PCRA counsel"), and

ordered PCRA counsel to file an amended PCRA petition. On October 5, 2022, PCRA counsel filed a ***Turner/Finley***[1] no merit letter and a motion to withdraw as counsel.

On November 9, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing. Appellant did not file a response. On December 2, 2022, the PCRA court denied Appellant's PCRA petition and granted counsel's withdrawal.

Appellant filed a timely *pro se* notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[2]

In his *pro se* brief to this Court, Appellant raises the following issues for our review:

1. Was PCRA counsel ineffective for filing a ***Finley*** no-merit letter and then stating that he had later filed an amended PCRA petition with issues of merit and then failing neither to file the amended PCRA petition nor a response to the PCRA court's notice of intent to dismiss that led to the dismissal of the PCRA petition based on the ***Finley*** letter and a failure to file the Rule 907 response?

2. Was PCRA counsel ineffective for filing a ***Finley*** no-merit letter that failed to adequately establish an issue of merit that plea counsel failed to inform Appellant that his plea of guilt would

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

[2] Appellant filed a Rule 1925(b) Statement on January 3, 2023, raising ten separate claims of error. On March 3, 2023, Appellant filed an untimely supplemental Rule 1925(b) statement without permission from the PCRA court. All the issues raised in Appellant's supplemental Rule 1925(b) statement are waived. ***See Commonwealth v. Jackson***, 900 A.2d 936, 939 (Pa. Super. 2006) (holding that untimely supplemental statements, filed without leave of court, did not preserve those issues for appeal).

result in automatic deportation from the United States which issue would have also precluded the PCRA court from accepting the **Finley** no-merit letter?

3. Was PCRA counsel ineffective for failing to raise an issue of merit that plea counsel was ineffective for allowing Appellant to enter a plea of guilt when there existed a meritorious suppression issue that would have resulted in the suppression of the totality of the evidence of guilt?

Appellant's Br. at 4 (some capitalization omitted).

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010).

To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include ineffectiveness of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

The law presumes counsel has rendered effective assistance. **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [the] appellant." **Id.** To satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) no

reasonable basis existed for counsel's actions or failure to act; and (3) there is a reasonable probability that the outcome of the challenged proceeding would have been different absent counsel's error. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's claim. *Id.*

To establish the prejudice prong, the petitioner must prove a reasonable probability that the outcome of the relevant proceedings would have been different but for counsel's action or inaction. *Commonwealth v. Busanet*, 54 A.3d 35, 46 (Pa. 2012). Importantly, "counsel cannot be deemed ineffective for failing to raise a meritless claim." *Fears*, 86 A.3d at 804.

Notably, "[t]he PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the petitioner is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings." *Commonwealth v. Holt*, 175 A.3d 1014, 1017-18 (Pa. Super. 2017). "To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he or she raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Id.* at 1018.

In his first issue, Appellant avers that PCRA counsel was ineffective because he filed a *Turner/Finley* no-merit letter instead of an amended PCRA

petition and failed to file a response to the PCRA court's Rule 907 notice after advising Appellant that he would. Appellant's Br. at 14. Appellant acknowledges that he received the **Turner/Finley** no-merit letter as well as the PCRA court's Rule 907 notice to dismiss. **Id.** Appellant avers that a day after he received the Rule 907 notice to dismiss, he also received a letter from PCRA counsel explaining to Appellant that counsel had filed an amended PCRA petition on his behalf, that the PCRA court had issued a Rule 907 notice to dismiss because there were no meritorious issues raised, and advising Appellant that he should not file a *pro se* response to avoid "hybrid" pleadings. **Id.** at 15. Appellant argues that he failed to file a *pro se* response to the court's Rule 907 notice because of PCRA counsel's letter. **Id.** at 17.

Where an appellant raises a claim of PCRA counsel ineffectiveness for the first time on appeal, this Court has "the ability to grant or deny relief on straightforward claims, as well as the power to remand to the PCRA court for the development of the record." **Commonwealth v. Bradley**, 261 A.3d 381, 403 (Pa. 2021). We will remand, "however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law[.]" **Id.** at 402 (citation omitted). "To be entitled to a remand, [an appellant] must provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness. That is, he must establish that there are issues of material facts concerning claims challenging counsel's stewardship and that relief may be available." **Commonwealth v.**

*Parrish*, 273 A.3d 989, 1006 (Pa. 2022). Additionally, we are mindful of the "general rule" that "a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion." *Commonwealth v. Colavita*, 993 A.2d 874, 895 (Pa. 2010), *overruled on other grounds by Bradley*, 261 A.3d 381.

In its Rule 1925(a) opinion, the PCRA court characterized counsel's letter in question as a form letter that was "plainly sent in error" to Appellant. Trial Ct. Op., filed 4/13/23, at 15. To support this finding, the PCRA court emphasized that Appellant had previously received the *Turner/Finley* no merit letter that 1) advised Appellant that PCRA counsel had reviewed Appellant's claims and found them to lack merit, and 2) that if the PCRA court issued a Rule 907 notice to dismiss, Appellant could file a *pro se* response or hire privately retained counsel to respond. *Id.* at 16. The PCRA court concluded that, based on the *Turner/Finley* no merit letter, Appellant already knew that PCRA counsel would not be filing a response if the court issued a Rule 907 notice. *Id.*

In considering Appellant's ineffectiveness claim, the PCRA court found that Appellant failed to demonstrate how PCRA counsel's clerical error prejudiced Appellant. The court opined:

> [A]lthough [Appellant] argues ineffective assistance of counsel for failure to file an amended petition or that PCRA Counsel's conduct somehow caused Petitioner to forego a response to the [Rule 907] notice of intent to dismiss, [Appellant] fails to identify a single new or different claim that he would have raised via an amended

petition or response to the notice of intent to dismiss. In this regard, [Appellant] fails to demonstrate how he suffered any actual prejudice as a result of any purported reliance upon the November 10, 2022 PCRA counsel letter.

Trial Ct. Op. at 17 (some capitalization omitted).

Likewise in his brief to this court, Appellant fails to identify what, if any, claims of error he would have raised in his response to the court's Rule 907 notice to dismiss. While we are troubled that PCRA counsel would send a letter to Appellant in error, Appellant must demonstrate actual prejudice, *i.e.*, that there is a reasonable probability that the outcome of the challenged proceeding would have been different absent counsel's error. Boilerplate assertions of PCRA counsel's ineffectiveness do not establish actual prejudice and, thus, do not warrant a remand. Appellant has failed to demonstrate prejudice and, therefore, is not entitled to relief.

In his second and third issues, Appellant avers that PCRA counsel was ineffective for failing to raise that plea counsel was ineffective for 1) failing to inform Appellant that his plea of guilt would result in automatic deportation from the United States and 2) for allowing Appellant to plead guilty when there was a meritorious suppression of evidence issue. Appellant's Br. at 4. Appellant failed to preserve either of these issues in his Rule 1925(b) statement and, therefore, they are waived. Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [s]tatement . . .are waived."); **Parrish**, 273 A.3d at 1002 (Pa. 2022) (explaining that an appellant can raise a claim of ineffective assistance of PCRA counsel for the first time on appeal at the first opportunity to do so, and can preserve that claim in a Rule 1925(b) statement).

In conclusion, the PCRA court's decision to deny PCRA relief is supported by the evidence of record and free of legal error.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>11/17/2023</u>